*Western District*
# 171270

### IRWIN M. CHASE

v.

### NATHAN A. LEVETON

Argued: July 6, 1967 Decided: August 25, 1967

*Present:* Garvey, P.J., Moore, Allen, J.J.

Tried to: *Walsh, J.*, District Court of Springfield.
#171270

*Garvey, P.J.* In this action of contract for money loaned there was a finding for the plaintiff. The defendant who claimed a report, pleaded that the transaction was illegal because prohibited by provisions of the Securities and Exchange Act of 1934, as amended. Illegality is the only issue presented to us.

The reported evidence shows that the plaintiff was an "account executive" employed by Walston and Company, (Walston) a firm engaged in the business of buying and selling securities. The defendant was a customer of Walston's and a friend of the plaintiff's. For several years prior to 1960 the defendant purchased securities from Walston, frequently upon the advice or recommendation of the plaintiff's. For several years prior to 1960 the defendant purchased securities from Walston, frequently upon the advice or recommendation of the plaintiff. In this period he suffered a loss of between $5,000.00 and $8,000.00.

In December of 1960 the defendant ordered from Walston the purchase of shares of stock in a company described only as "U.S. Chemical and Milling".

About the same time the plaintiff gave the defendant two checks totalling $2127.00, the exact amount of the purchase price of the shares of this stock. The proceeds of these checks, we assume, although it does not appear in the report, were used to pay Walston. Nothing has been paid the plaintiff by the defendant. The trial judge in his special findings found the transaction to be a legal loan and assessed damages in the amount of $2127.00.

A provision of the Securities and Exchange *U.S.C.A. §78c (a) (1)* as follows:
broker or dealer such as Walston to directly or indirectly "extend or maintain credit" for any customer — (1) "On any security . . .*registered on a national securities exchange* (emphasis supplied) in contravention of the rules and regulations which the Board of Governors of the Federal Reserve System shall prescribe..."

An "exchange" is defined in the *Act 15 U.S.C.A. § 78c (a) (1)* as follows:

"The term 'exchange' means any organization, association, or group of persons, whether incorporated or unincorporated, which constitutes, maintains, or provides a market place or facilities for bringing together purchases and sellers of

securities or for otherwise performing with respect to securities the functions commonly performed by a stock exchange as that term is generally understood, and includes the market place and the market facilities maintained by such exchange.''

Wyzanski, J. in *Remar* v. *Clayton Securities Corporation*, 81 F. Supp. 1014, quoting from a Congressional Report, said the purpose of the Securities and Exchange Act was to provide ''an effective method of reducing the aggregate amount of the nation's credit resources which can be directed by speculation into the stock market'' and as a by-product to make it impossible for the small speculator ''to spread himself too thin''. The defendant seems to fit the description of the ''too thin speculator''.

The margin and borrowing restrictons promulgated by the Governors of the Federal Reserve System, which, for the purposes of this case we consider to be a matter of common knowledge, would seem to prohibit, if applicable, the transaction under consideration.

But there was no evidence introduced tending to show that the shares of stock of U.S. Chemical and Milling were ''registered on a national securities exchange''. Having asserted illegality it was incumbent on the defendant to establish all the essential facts to show the transaction was prohibited.

The burden was on him and it was not met.

 

*Savoy Finance Co.* v. *De Biase,* 281 Mass. 425 433. *Chamberlain* v. *Employers' Liab. Assur. Corp.,* 289 Mass. 412, 419.

**The report is to be dismissed.**

SAMUEL A. MARSELLA
of Springfield for the plaintiff

EFREM A. GORDON
of Springfield for the defendant