JOSEPH GIACOBBE & another[1] vs. FIRST COOLIDGE
CORPORATION & another.[2]

Suffolk.    February 4, 1975. — April 3, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Civil,* Appeal.   *Rules of Civil Procedure.   Rules of Appel-
late Procedure.*

An order permitting an appellant in a case to make late payment to
    the clerk of the trial court for the estimated cost of reproducing
    the record for the appeal was interlocutory, and an appeal from
    such order could not be presented to the appellate court separately
    from the principal appeal and must be dismissed.   [312-313]
By virtue of Rules 1A, 2, 9(e), and 14(b) of the new Massachusetts
    Rules of Appellate Procedure, a single justice of this court had
    jurisdiction to enter an order permitting an appellant to make pay-
    ment to the clerk of the trial court for the estimated cost of repro-
    ducing the record for the appeal where the appellant had not
    made payment within the statutory period of twenty days and had
    not moved within that period to extend it.   [314-317]
An order of a single justice of this court within his jurisdiction was
    conclusive where there was no record of the proceeding before him
    nor findings by him.   [317-318]


MOTION filed in the Supreme Judicial Court for the
county of Suffolk on July 16, 1974.
    The proceeding was heard by *Kaplan,* J.
    *Marcus E. Cohn* for the defendants.
    *Sumner H. Woodrow* for the plaintiff.

---

[1] The identity of the other plaintiff, if any, does not appear in the
record.

[2] The other defendant is the Coolidge Bank and Trust Company.

QUIRICO, J.   This is an appeal by the defendants from an order by a single justice of this court allowing a motion of the plaintiff that he be permitted to make late payment to a clerk of the Superior Court for the estimated cost of reproducing the record for the appeal of a case to the Appeals Court.   We hold that this appeal is not properly before us, and that, in any event there is no error.

The record on appeal is too sketchy to enable us to determine the facts out of which this case arose. However, we rely in part on additional facts, apparently undisputed, which we are able to glean from the briefs and oral arguments of the parties.   On November 30, 1973, a judge of the Superior Court entered an order sustaining a demurrer which had been filed by the defendants to a declaration of the plaintiff in an action then pending in that court.   By his order the judge also denied the plaintiff leave to amend his declaration.   On December 18, 1973, the plaintiff claimed an appeal from that order.   On March 6, 1974, the clerk sent the plaintiff notice under G. L. c. 231, § 135, of the cost for reproducing the record for transmission to the Appeals Court. The plaintiff failed to pay the required amount within the statutory twenty-day period, and he filed no motion within that period to extend the time for payment.   On June 29, 1974, the defendants filed a motion in the Superior Court to dismiss the plaintiff's appeal.   The filing of this motion may have prevented the case from going to judgment in the Superior Court, but, because of events described below, it is of no further significance to this decision.

On July 16, 1974, the plaintiff filed with the clerk of this court for Suffolk County a document entitled "Motion to Enlarge the Time for Docketing an Appeal," in which he alleged that he had received notice of the cost of reproducing the record for transmission to the Appeals Court, that "through inadvertence" he failed to pay the estimated cost within the twenty-day period pre-

scribed by the statute and had made no application within that period for its extension, and that he is "ready, willing and able to pay the estimated cost at the present time." He then prayed "that the time for docketing the appeal be enlarged and that . . . [he] be allowed to pay the estimated cost of reproduction of the record."[3]

On the same date the defendants filed a document opposing the plaintiff's motion on the following grounds: (1) this court is without jurisdiction to entertain the motion, (2) if the court has jurisdiction to entertain the motion, it has no power to enlarge the twenty-day period fixed by statute "unless the motion to extend the time was filed prior to the expiration of the 20 day period," and (3) the plaintiff's failure to pay the estimated cost within twenty days was not through inadvertence, but it was because he voluntarily chose not to expend any further moneys in support of the litigation.

The plaintiff's motion was heard by a single justice on September 11, 1974. No evidence was offered by either party, and the hearing was limited to statements and arguments by counsel. There is no transcript or other

---

[3]Presumably the plaintiff proceeded by "motion" because of the following provision of Mass. R. A. P. 15 (a), 365 Mass. 859 (1974): "Unless another form is elsewhere prescribed by these rules, an application for an order or other relief shall be made by filing a motion for such order or relief." The pertinent provisions of the rules on which he relies for relief are the following: Mass. R. A. P. 9 (e), 365 Mass. 859 (1974), provides: "The lower court for cause shown may extend the time for complying with the requirements of paragraph (c) of this rule [relating to action required of the appellant to enable the clerk to assemble the record on appeal]. A request for extension must be made within the time originally prescribed or within an extension previously granted. If the lower court is without authority to grant the relief sought or has denied a request therefor, the appellate court or a single justice may on motion for cause shown . . . extend the time for complying with the requirements of paragraph (c) of this rule." Rule 14 (b) in part provides: "The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time."

statement before us of the proceedings at that hearing. On September 16, 1974, the single justice allowed the motion by an order which extended the time for payment of the estimated cost of reproducing the record to September 26, 1974. The defendants seasonably appealed therefrom to the full court and it is this appeal which is the subject of this opinion. We stress here that we do not have before us for appellate review the order of the Superior Court sustaining the defendants' demurrer to the plaintiff's declaration.

While many of the questions of law decided by this court on appellate review arise from interlocutory rulings or decisions of trial judges, it has long been our general "rule of practice established in the interests of justice" (*Weil* v. *Boston Elev. Ry.* 216 Mass. 545, 548 [1914]), that, absent special authorization, such interlocutory rulings or decisions cannot be presented piecemeal to this court for appellate review. They may be presented only as a part of the ultimate appellate review available on completion of proceedings in the trial court. *Boyce* v. *Wheeler*, 133 Mass. 554 (1882). *Lowd* v. *Brigham*, 154 Mass. 107, 109-110 (1891). *Weil* v. *Boston Elev. Ry.* 216 Mass. 545, 546-548 (1914). *Weiner* v. *Pictorial Paper Package Corp.* 310 Mass. 123, 125-129 (1939). *Orasz* v. *Colonial Tavern, Inc.* 365 Mass. 131, 138-139. (1974). In the *Weil* case we said (547): "It would be an unendurable burden upon parties litigant if exceptions touching interlocutory matters could be brought to this court and its determination required as they arose in the progress of the case from time to time, before the issues of substance were finally disposed of in the trial court." It would be an equally unendurable burden on the appellate courts if they were regularly required to review questions arising from interlocutory matters prior to the completion of proceedings in the trial courts.

The ruling of the single justice allowing the plaintiff to make late payment of the cost of reproducing the record on appeal is in every sense an interlocutory ruling.

The appeal therefrom should not have been presented to this court for review separate from the appeal from the ruling of the judge of the Superior Court sustaining the defendants' demurrer.[4]   The appeal must therefore be dismissed.   Our conclusion on this point would, of course, be different if the single justice had reported his order to the full court for appellate review.   See Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and Mass. R. A. P. 5, 365 Mass. 847 (1974), for present provisions on report of interlocutory matters; and see G. L. c. 231, § 111, and G. L. c. 214, §§ 30, 31 and 31A, for statutory provisions applicable thereto prior to July 1, 1974.[5]

---

[4] By virtue of G. L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1, the plaintiff's appeal from the ruling sustaining the defendants' demurrer will have to be entered in the Appeals Court.   That fact alone presents no insurmountable obstacle to hearing that appeal with the defendants' appeal from the order of the single justice to the full court of this court.   This court has the power to cause the appeal from the Superior Court to the Appeals Court to be transferred to this court.   See G. L. c. 211, § 4A, as appearing in St. 1972, c. 740, § 2; and G. L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1.   It would also be possible by appropriate and timely action to ensure that both appeals be heard by the Appeals Court.   It was within the power of the single justice of this court, acting under G. L. c. 211, § 4A, to transfer the plaintiff's motion for leave to make late payment for the reproduction costs of the record to the Appeals Court for hearing and decision by a single justice of the latter court, and subject to review "by a panel of other justices of this court [the Appeals Court] in the same manner and to the same extent that the determination of a like matter by a single justice of the Supreme Judicial Court may be reviewed by the full court of the Supreme Judicial Court."   Rule 2:01 of the Appeals Court, 1 Mass. App. Ct. 896 (1974).   See Commissioners of Civil Serv. v. Third Dist. Court of E. Middlesex, 2 Mass. App. Ct. .89 (1974).   The latter practice is generally preferable on motions, applications or petitions filed with the single justice sessions of this court and which relate to appeals which, when taken, are required by G. L. c. 211A, § 10, to be filed or entered in the Appeals Court.

[5] While this opinion involves a civil case, we note that the problems inherent in attempted piecemeal appellate review of interlocutory matters not reported by a trial judge are also common to criminal cases.   See Stranad v. Commonwealth, 366 Mass. 847 (1974).

Although for reasons already discussed the defendants are not entitled to relief on this appeal, we think that in view of the major changes made by the Massachusetts Rules of Civil Procedure which took effect on July 1, 1974, and in recognition of the transitional problems involved for litigants and members of the bar generally, we ought to express our opinion, by way of dictum, on the defendants' contention that the single justice was without power to enter the order in question. See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731 (1943).

The defendants' argument is basically the following. On March 6, 1974, the plaintiff received notice from the clerk of the estimated cost of reproducing the record on appeal. By G. L. c. 231, § 135, the plaintiff was required to pay that sum to the clerk within twenty days after receiving the notice, and he did not pay it. He was permitted, within the twenty days, to ask the court to extend the time for making the payment, and he did not do that. Therefore, say the defendants, the plaintiff's right to prosecute the appeal further came to an end and could not be revived by any judge. In support of their argument they cite the cases of *Buchannan* v. *Meisner*, 279 Mass. 457, 462 (1932), *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452 (1933), *Flood* v. *Grinnell*, 286 Mass. 214 (1934), and *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden*, 326 Mass. 390, 392 (1950).

It is clear that after the expiration of the period of twenty days limited by the statute it was beyond the power of a judge of the Superior Court to give the plaintiff any relief to revive his intended appeal. However, that same prohibition did not apply to a single justice of this court. Prior to July 1, 1974, a single justice of this court had the authority to give relief in that situation by virtue of G. L. c. 211, § 11, and G. L. c. 231, § 133. *Assessors of Swampscott* v. *Lynn Sand &*

*Stone Co.* 360 Mass. 595, 596-597 (1971). *Smith, petitioner,* 361 Mass. 733, 735 (1972). After July 1, 1974, the single justice had the same authority by virtue of several provisions of the new Massachusetts Rules of Appellate Procedure.[6]

The new Massachusetts rules of civil and appellate procedure which took effect on July 1, 1974, were patterned on the time-tested rules which had governed these procedures in the Federal courts for many years. Mass. R. Civ. P. 1, 365 Mass. 730 (1974), reads that those rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." One of the purposes of the rules of appellate procedure was undoubtedly to simplify that procedure by eliminating many of the previous rigid statutory time limitations which often served as fatal or near-fatal booby traps for inexperienced or unwary practitioners taking a case from the trial court to the appellate court. To the extent possible, we should construe these new rules in a manner which will accomplish their obvious purpose and objective. While the new rules still include many time limitations for doing specified acts, they also include provisions giving the courts broad discretion and authority to permit a deserving party, on a showing of "excusable neglect" or

---

[6] Both the Massachusetts Rules of Civil Procedure and the Massachusetts Rules of Appellate Procedure include an identical Rule 1A which declares that it "is intended to guide the handling of litigation which is subject to these . . . [rules and that i]t does not canvass all possible situations but *rather* establishes principles which will simplify the transition to the new Rules." It then provides as follows: "1. Any procedural step taken *before* July 1[, 1974,] which conformed to then-effective rules or statutes will be regarded as valid during the pendency of the litigation. 2. Any procedural step taken *after* July 1 to amend or alter any step taken before July 1 will be governed by the new Rules . . .. 7. . . . [R]eview of all . . . appeals claimed before July 1, shall follow pre-July 1 procedure . . .. 10. When handling litigation in progress on July 1, the trial courts shall interpret these guidelines and the new Rules in such manner as will, by the exercise of sound judicial discretion, ensure justice."

"good cause," to prosecute an appeal notwithstanding his failure to comply with a procedural time limitation. [7]

The standards pertaining to the content of the record on appeal, and the time limitation on the filing of the record, are now found primarily in Rules 8 and 9 of the Massachusetts Rules of Appellate Procedure. Rule 9 (c), in particular, allows an appellant forty days from the filing of his notice of appeal to take any action necessary or reasonably requested by the clerk to enable him to assemble the record. Rule 9 (e) permits the lower court to extend the time for complying with Rule 9 (c), but only where the request for extension is "made within the time originally prescribed or within an extension previously granted." The defendants' assertion is that this last restriction is also binding on a single justice of this court. We do not read the rule that way. The very next sentence following the material just quoted provides

---

[7] The following are several examples of rules authorizing a judge to permit an act to be done after the expiration of the prescribed time limit or the time limit as previously extended by a motion filed before the expiration of the original time limit:

(a) *Massachusetts Rules of Civil Procedure.* Rule 6 (b) provides: "When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect"; subject to some exceptions not material to this case.

(b) *Massachusetts Rules of Appellate Procedure.* Rule 2 provides: "In the interest of expediting decision, or for other good cause shown, the appellate court or a single justice may, except as otherwise provided in Rule 14 (b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." *Rule 4* provides in part: "Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired." The pertinent provisions of Rules 9 (e) and 14 (b) are quoted in fn. 3 of this opinion.

367 Mass. 309317

Giacobbe v. First Coolidge Corp.

in part: "If the lower court is without authority to grant the relief sought . . . a single justice may on motion for cause shown . . . extend the time for complying with the requirements of paragraph (c) of this rule." We construe the words "If the lower court is without authority to grant the relief sought" to comprehend the situation presented in the instant case, that is, one in which the lower court cannot grant the motion because it was not made within the original time limit or an extension previously granted. In this situation the rule authorizes the single justice to grant the motion for extension if, in his sound discretion, such action is warranted. Our construction of Rule 9 (e) is supported by the accepted interpretation of the parallel provision in the Federal Rules of Appellate Procedure. 9 Moore's Federal Practice, par. 211.10 [2] (1973). By our reading of the rules as a whole, the only absolute limitation on our appellate courts or single justices thereof in granting extensions of any time limit prescribed by the rules is that neither the court nor the single justice may enlarge the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed. Mass. R. A. P. 14 (b), 365 Mass. 859 (1974). This limitation does not apply to the present case.

The defendants next argue that if the single justice had jurisdiction to act in this case, his exercise of jurisdiction was error because the record in this case does not show the existence of "good cause" for granting the plaintiff relief. The burden of presenting this court with a record which shows the alleged error by the single justice is on the defendants as the appealing parties. "There is no report of the proceedings before the single justice, who made no findings of fact, and was not requested to make any. In the circumstances his . . . [order] was conclusive. The only question open is his power to enter the . . . [order]." *Home Ins. Co., petitioner*, 357 Mass. 769 (1970). *Bosanquet, petitioner*, 357 Mass. 773 (1970). *Smith, petitioner*, 361 Mass. 733, 735 (1972). We have

already stated our opinion that the single justice had the power to enter the order.

If this appeal were properly before us we would hold that there was no error in the order of the single justice allowing the plaintiff's motion. However, we have decided above that this appeal is not properly before us at this interlocutory stage, and the appeal is therefore dismissed. The plaintiff is to have his costs.

*So ordered.*