SEYMOUR J. SHEINKOPF *vs.* CHARLOTTE B. ESKIN.

Suffolk. January 9, 1975. — May 1, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Probate Court,* Appeal. *Rules of Appellate Procedure.*

An appeal to the full bench of this court from an order of the single justice authorizing a late appeal from a decree of a Probate Court allowing a will was dismissed as premature, because it related only to an interlocutory stage of the proceedings. [574]

An appeal, filed on July 10, 1974, from a decree of a Probate Court entered on June 18, 1974, was late because it was filed beyond the twenty-day time limit permitted by G. L. c. 215, § 9, and the amendment of the statute by St. 1973, c. 1114, § 65, which provided for a thirty-day time limit was not applicable to such an appeal because the thirty-day limit applied only to appeals from a decree entered in a Probate Court after July 1, 1974, the effective date of c. 1114. [576]

G. L. c. 214, § 28, permitted a single justice of this court to allow a late appeal within one year after a Probate Court decree on a showing of mistake, accident or other sufficient cause. [576-577]

In a proceeding before a single justice of this court on a motion to reinstate a claim of appeal and vacate a dismissal of appeal from a decree of the Probate Court allowing a will there was no require-

ment that the single justice take evidence where the representations of counsel were sufficient. [577]

MOTION filed in the Supreme Judicial Court for the county of Suffolk on August 2, 1974.

The proceeding was heard by *Kaplan, J.*

*Henry J. Dane (David H. Silin* with him) for the proponent.

*Bernard P. Rome* for the contestant.

HENNESSEY, J. The issues presented here are whether a single justice of this court had jurisdiction to authorize a late appeal from a decree of a Probate Court allowing a will, and, assuming such jurisdiction, whether the single justice abused his discretion by allowing such a late appeal in the circumstances of this case.

Clearly, as this appeal relates only to an interlocutory stage of the proceedings, it is prematurely presented to us and for that reason must be dismissed. We recently stated the reasons which compel such a dismissal in *Giacobbe* v. *First Coolidge Corp., ante,* 309 (1975).

Nevertheless, we conclude that we should express our opinion on the issue raised here, because it concerns the transition to the new rules of civil procedure.[1] We said in the *Giacobbe* case, *supra,* at 314: "Although for reasons already discussed the defendants are not entitled to relief on this appeal, we think that in view of the major changes made by the Massachusetts Rules of Civil Procedure which took effect on July 1, 1974, and in recognition of the transitional problems involved for litigants and members of the bar generally, we ought to express our opinion, by way of dictum, on the defendants' contention that the single justice was without power

---

[1] Although the scope of the new rules, in probate matters, is limited to proceedings seeking equitable relief (see Mass. R. Civ. P. 1, 365 Mass. 730 [1974]), it is clear that the transitional rule is applicable to this *appellate* matter by reason of the interaction of the Massachusetts Rules of Appellate Procedure with the transitional rule.

to enter the order in question.   See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731 (1943)."

The facts are as follows.   On May 8, 1973, Seymour J. Sheinkopf (the proponent) filed a petition in the Probate Court for the county of Norfolk seeking to admit to probate an instrument purported to be the last will of the late Maurice D. Sheinkopf.   An appearance in opposition was entered on behalf of Charlotte B. Eskin (the contestant).   After a hearing, a decree allowing probate of the will was entered on June 18, 1974.   On July 10, 1974, twenty-two days after entry of that decree, a notice of appeal was filed on behalf of the contestant.   The proponent moved in the Probate Court to dismiss the appeal on the ground of late filing, and the motion was allowed by a decree dated July 30, 1974.

The opponent then filed a "Motion to Reinstate Claim of Appeal and Vacate Dismissal of Appeal" in the Supreme Judicial Court for Suffolk County on August 2, 1974.   This motion was heard on August 8, 1974, on a short order of notice, before a single justice of this court, who entered an order on August 20, 1974, allowing the motion and reinstating the appeal.   From that order the proponent took this appeal, under G. L. c. 214, § 19.

The contestant concedes that formerly a twenty-day time limit was set for appeals by G. L. c. 215, § 9, but also observes that the new Massachusetts Rules of Civil and Appellate Procedure took effect on July 1, 1974, eight days before the expiration of the appeal period in this case.   The new appeal period established under c. 215, § 9, as amended, was thirty days, and the appeal here was seasonably filed if that new period controlled. The contestant argues that the "Transition Rule,"[2] which

---

[2] Transition from the procedural practice prior to July 1, 1974, to the new Massachusetts Rules of Civil Procedure and the Massachusetts Rules of Appellate Procedure is governed by Rule 1A which without canvassing all situations "establishes principles which will simplify the transition to the new Rules."   Among these principles are the following: "1. Any procedural step taken *before* July 1, [1974],

was intended to govern in a case such as this, is silent on the precise issue of the applicable time limit here. She further says that, if the appeal period expired here, her failure to act seasonably was an excusable mistake caused by the confusion inherent in the transition period from the old to the new time limits.

All of the foregoing facts and arguments were stated to the single justice by the contestant's attorney at the hearing, and subsequently were represented in a memorandum which was filed with the county court by invitation of the single justice. The proponent's counsel also argued, and filed a subsequent memorandum. Detailed representations were similarly made by the contestant concerning the facts and legal issues of the Probate Court case.

First of all, we agree with the contention of the proponent that the twenty-day rather than the thirty-day appeal period applies here, since the statute, G. L. c. 215, § 9, as amended through § 65 of c. 1114 of the Acts of 1973, provides for the thirty-day period only as to appeals from an order, decree or denial by a Probate Court made after c. 1114 takes effect. The effective date of the chapter was July 1, 1974; the decree which was appealed was entered on June 18, 1974.

The proponent argues that the single justice either lacked jurisdiction to reinstate the appeal or abused his discretion in so doing. As to the jurisdictional issue the contestant relies on Rule 14 (b) of the Rules of the Appellate Procedure, which provides that the appellate court or a single justice may "for good cause" enlarge the

---

which conformed to then-effective rules or statutes will be regarded as valid during the pendency of the litigation. 2. Any procedural step taken *after* July 1 to amend or alter any step taken before July 1 will be governed by the new Rules . . . . 7. . . . review of all . . . appeals claimed before July 1, shall follow pre-July 1 procedure . . . . 10. When handling litigation in progress on July 1, the trial courts shall interpret these guidelines and the new Rules in such manner as will, by the exercise of sound judicial discretion, ensure justice."

time "for doing any act." The proponent in turn argues, by reference to the interaction of many statutes and rules, that the single justice lacked jurisdiction to grant relief here under Rule 14 (b). This contention is doubtful, but we need not consider it further, because the single justice clearly had jurisdiction to act under the provisions of G. L. c. 214, § 28, as appearing in St. 1960, c. 207, § 2, which provide that a single justice may allow a late appeal within one year after a probate decree on a showing of "mistake or accident or other sufficient cause."

Assuming the relevance of the proponent's other arguments, that both a meritorious appeal and appropriate cause for the failure to appeal seasonably must be shown, we find no substance in them. The transcript before us shows that the single justice was fully warranted in finding that if those requirements exist, they were met. Nor do we find merit in the proponent's contention that he was not given full opportunity to be heard, and that there was a necessity for the taking of evidence on the issues before the single justice. Full opportunity to be heard was afforded, and any alleged defect in notice was cured by the appearance of all counsel before the single justice, as well as the opportunity to file a subsequent memorandum. No provision of rule or statute, or any special circumstance of this case, required the taking of evidence. The representations of counsel, as shown by the record before us, were sufficient, and properly might be considered on the issues. There is no suggestion that these representations were either insufficient or inaccurate.

It is clear that we would find no error even if the appeal were properly before us. Because the appeal is premature, it is dismissed, with costs to the appellee.

*So ordered.*