MARCIA M. HILL *vs.* ELY BOOKBINDER. June 10, 1976. 1. We do not consider whether there was error in overruling the defendant's demurrer or in denying his motion to dismiss because the defendant failed to comply with the requirement of the last sentence of Rule 72 of the Superior Court, as amended effective October 31, 1969. See also Rule 2 of the Superior Court (1954); *Sheinkopf* v. *Eskin,* 367 Mass. 573, 575-576 (1975). 2. It was not error to enter an order of reference to an auditor at a time when the plaintiff had been conditionally nonsuited under the fifth paragraph of Rule 36 of the Superior Court (1954) for failure to answer the defendant's interrogatories. Compare the second sentence of Rule 57 of the Superior Court (1954). The notice required by G. L. c. 231, § 64 (as amended by St. 1966, c. 432), had not yet been sent, and the answers to interrogatories were filed before the case could go to judgment under § 64. There has been no showing of prejudice arising out of the late filing. The subsequent removal of the nonsuit (nunc pro tunc as of the date the answers were filed) was prompted by a motion and affidavit under (c) of the third paragraph of Rule 27 of the Superior Court (1954) and was within the contemplation of the fifth paragraph of Rule 36. 3. The defendant's arguments as to the legal effect of the so called "merger" provision of paragraph 18 of the 1961 separation agreement (agreement) are beside the point. The Mexican divorce decree was not offered in evidence, either before the auditor or before the trial judge. The record is completely silent on the questions (1) whether the Mexican court was asked to or did take any action with respect to the agreement and (2) whether that court, if it had jurisdiction over the children, was asked to or did make any provision for their support. In short, no reason has been made to appear why the provisions of paragraph 8 of the agreement should not be enforced according to their literal terms, whether the applicable law be that of New York or some other jurisdiction. 4. The first forty of the requests for rulings of law (if they were that) submitted by the defendant in connection with his motion for a new trial were properly denied for the reason given by the trial judge. *Arrow Paper Corp.* v. *Boylston Foods, Inc.* 1 Mass. App. Ct. 808, 809 (1973). The forty-first request was properly denied because on this record the question whether to grant a new trial under Mass.R.Civ.P. 59(a)(2), 365 Mass. 827 (1974), was one of discretion and not one of law. See *Bartley* v. *Phillips,* 317 Mass. 35, 41-42 (1944); *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60-61 (1948). 5. It has not been argued that there was any error of law or abuse of discretion in the judge's permitting a recomputation of interest on the damages originally found by him. See Mass.R.A.P. 16(a)(4), as amended effective February 24, 1975, 367 Mass. 921; *Lolos* v. *Berlin,* 338 Mass. 10, 13-15 (1958).

*Judgment affirmed.*

*Irving Marmer* for the defendant.
*Ira Marcus* for the plaintiff.