MAX R. KARGMAN & another[1] *vs.* SUPERIOR COURT & another.[2]

Suffolk.    September 15, 1976. — November 8, 1976.

Present: QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal.    *Supreme Judicial Court,* Superintendence of inferior courts.

A litigant was not entitled to obtain full appellate review by this court under G. L. c. 211, § 3, as amended through St. 1973, c. 1114, § 44, of an interlocutory ruling which had not been reported by the judge who entered it.  [329-330]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 29, 1975.

The case was heard by *Reardon, J.*

---

[1] The plaintiffs are Max R. Kargman and William Kargman, copartners in a limited partnership doing business as Mountain Village Company.

[2] Mandred Henry was added as a defendant-intervener.

*Marcus E. Cohn* for the plaintiffs.

*Paula R. Rosen,* Assistant Attorney General, for the Superior Court.

*Mark D. Stern* for Mandred Henry, intervener.

QUIRICO, J. This is another in a now long line of recent cases in which a litigant seeks to obtain full appellate review by this court of an interlocutory ruling or order which has not been reported by the judge who entered it, and we hold, once again, that such review is not available in these circumstances, regardless of the procedural vehicle by which it is sought. We summarize briefly the prolonged litigation which resulted in the request for review to this court.

In 1972 and 1973 disputes arose between the plaintiffs (landlords) and many of their tenants (tenants) then living in the landlords' residential development located in the city of Worcester. The tenants formed what has been referred to as a "tenants union" and some of them stopped paying part or all of their rent. As a result the landlords gave the tenants notice to vacate and in 1973 and 1974 the landlords entered separate summary process actions (G. L. c. 239, § 1) in a District Court against eighty-one of the tenants for alleged nonpayment of rent. The trial of these actions in the District Court extended over thirty-five days and resulted in a decision on September 13, 1974, that judgment for possession of the premises should issue against any tenant who failed to make certain payments of back rent by a prescribed date. Twenty-two of the original tenants vacated their premises before the end of that trial and ten more at a later date. On November 22, 1974, judgments were entered against the remaining tenants and they appealed therefrom to the Superior Court. The appeals were entered in the latter court on December 13, 1974. (G. L. c. 231, § 97, and G. L. c. 239, § 3.) The District Court judge relieved the appealing tenants from the statutory requirement that they give a bond securing the payment of rent then due or rent which might become due pending the appeal, costs, and certain damages which

might be sustained by the landlords. G. L. c. 239, § 5, as amended by St. 1971, c. 347, § 1.

On January 10, 1975, the landlords filed a motion in the Superior Court asking that the appealing tenants be ordered, as a condition of maintaining their appeals, to pay (a) a specified amount of rent allegedly due in arrears, and (b) monthly rent in the future at a specified level. The motion was denied on January 20, 1975, "without prejudice" and with the proviso that the tenants "are to pay the basic rent as long as they occupy the premises." The landlords moved for "clarification" of that order without success.

On February 11, 1975, a judge of the Superior Court, sua sponte, entered two orders by which he referred all of the tenants' appeals to a master pursuant to the provisions of Mass. R. Civ. P. 53, 365 Mass. 817 (1974), and Rule 49 of the Superior Court (1974). The orders were in the standard form prescribed by Rule 49, par. 9, of the Superior Court (1974), and contained the following provisions, inter alia, "The Master will hear the parties, examine their vouchers and evidence, and state accounts. He shall make findings of fact and conclusions of law, and set them forth in his report, including all subsidiary findings of fact upon each issue. He shall not file with his report a transcript of the evidence and of the proceedings." Simultaneously with the entry of the order of reference the judge filed the following statement in relation thereto: "I am referring all of the above cases to the Honorable Morris N. Gould as Master because these cases were tried for thirty-five (35) days in the District Court, extensive findings of fact have been made, and because a retrial of these cases in the Superior Court involve tremendous expense to the taxpayers and to the Government." The master thus appointed to hear these cases was the same person who had heard and decided them in his capacity as a full-time presiding judge of the District Court, and we take judicial notice of the fact that he continues to serve in the latter capacity. On February 13, 1975, the landlords filed a motion to revoke the orders of reference to the master, and

an objection to such orders. The principal ground of the motion is that in the circumstances the reference of the "cases to a Master, facts not final, represents a complete destruction of the summary process procedure envisioned by the legislature to permit the plaintiff to speedily recover possession, or litigate its right to possession of its real property, and the delay which will be occasioned by the reference to a Master and subsequent trials constitutes a deprivation of due process in violation of the plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States and under Article XI of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts." The principal basis for the objection to the reference of the cases to the master is that the person selected therefor "has formed and expressed an opinion on the presentation of evidence before him, has decided the facts and has rendered judgment in accordance with his findings," with the result that the landlords would be denied their constitutional rights of due process under both the Federal and State Constitutions. There were additional grounds of objection to the reference of the cases to the master, but we need not consider them for the purposes of this opinion. On February 20, 1975, the judge of the Superior Court denied the motion on the basis of a statement of reasons which is reproduced in full in the margin of this opinion.[3]

---

[3] "The motion to revoke the reference to Honorable Morris N. Gould as Master is denied, and I rule as follows: That a strict compliance with the technical provisions of Rule 49 would be an exercise in futility as counsel do not communicate with each other on any minor details in these cases. As far as I can ascertain, they do not even talk to each other, so that any inquiry as to whether the case should be referred to a Master or agreement on a particular individual as Master is futile.

"Judge Gould, in the hearings which consumed thirty-five days in the District Court made extensive findings of fact which are not part of the record in the Superior Court, but his report as a Master containing such findings would be admissible in evidence. Any other Master would not only be dilatory, but cause an additional expense to the taxpayers, therefore, with his consent which has been obtained, the matter has been referred to him, hearings to commence tomorrow, February 21, 1975."

Counsel for the landlords and tenants appeared before the master on March 10, 1975, and were advised by him that he would not hear any evidence which he had previously heard in the District Court proceedings in the same cases, and that the hearings before him would not be de novo. As a result thereof the landlords again filed a motion to revoke the orders of reference and it was denied by the judge of the Superior Court on March 24, 1975. Counsel again appeared before the master on April 28, 1975, at which time they were advised by him that he would consider the requests for findings of fact which had been submitted by the tenants and that he intended to write his report as master without hearing any evidence. The landlords filed no requests for findings. There is no indication in the record on appeal before us to indicate whether the master has filed his report to date.

At this point on April 29, 1975, the landlords filed a complaint in this court for Suffolk County, alleging substantially the facts summarized above, the allegations being made either directly or by incorporation of the earlier pleadings and documents filed in the District or Superior Court in the course of the continuing dispute, and asking the single justice to grant them relief under the powers of "general superintendence of all courts of inferior jurisdiction" granted by G. L. c. 211, § 3, as amended through St. 1973, c. 1114, § 44. The action was originally brought against a judge of the Superior Court, and at a later date one of the tenants against whom an action of summary process was pending in the Superior Court was allowed to become a party as a defendant-intervener. The landlords requested both temporary and permanent relief from the interlocutory action of the judge of the Superior Court with regard to the denial of interim rent relief pending the appeal from the District Court to that court, and also with regard to the reference of the actions to the particular master who had previously decided the same cases in his capacity as a judge of the District Court.

The landlords' prayer for a temporary injunction was

heard by a single justice and denied by him on June 9, 1975. There is no evidence of an appeal from that denial in the record before us. The case ultimately came on for hearing before another single justice who ordered that it be dismissed by a judgment to that effect entered on January 9, 1976, and the landlords appealed therefrom on January 30, 1976. Neither of the single justices has reported his ruling, order, or judgment to the full court for appellate review. The landlords assume and argue that they are entitled to appellate review by the full court on the action taken by both single justices. We hold, for the reasons stated below, that they are not, without regard to whether they ever claimed an appeal from the denial of a temporary injunction.

The action of the judge of the Superior Court which the landlords sought to have reviewed by the single justices of this court was in all respects interlocutory, both with respect to the denial of interim relief pending trial of the summary process actions on their merits and to the reference of the actions to a master. Additionally, it was discretionary with the judge whether he would grant interim relief and also whether he would refer the actions to a master for hearing. In the recent cases of *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. 131, 138 (1974), and again in *Giacobbe* v. *First Coolidge Corp.,* 367 Mass. 309, 312-313 (1975), we cited and quoted from our opinion in *Weil* v. *Boston Elevated Ry.,* 216 Mass. 545, 547-549 (1914), on the subject of the long established rule that, "absent special authorization, ... interlocutory rulings or decisions cannot be presented piecemeal to this court for appellate review. They may be presented only as a part of the ultimate appellate review available on completion of proceedings in the trial court." *Giacobbe* v. *First Coolidge Corp., supra* at 312.

We have consistently rejected attempts to obtain piecemeal appellate review by the full court of interlocutory matters not reported by the judge making the interlocutory ruling, order, or decision, and we have done so without regard to whether the review was sought on the stated

basis of statutes (see G. L. c. 231, §§ 117, 118) relating to temporary appellate relief from interlocutory matters, on the basis of the new Massachusetts Rules of Appellate Procedure (see Mass. R. A. P. 6, 365 Mass. 848 [1974]), by way of a complaint requesting the exercise of our power of superintendence under G. L. c. 211, § 3, or by way of a complaint seeking the removal of an action from another court to this court under our power of removal under G. L. c. 211, § 4A. *Giacobbe* v. *First Coolidge Corp., supra* at 312-313. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 468-471 (1975). *Rollins Environmental Serv. Inc.* v. *Superior Court,* 368 Mass. 174, 177-181 (1975), where relief was sought under G. L. c. 211, § 3. *Albano* v. *Jordan Marsh Co.,* 367 Mass. 651, 654-655 (1975), and *Corbett* v. *Kargman,* 369 Mass. 971 (1976), where removal of the actions to this court was sought under G. L. c. 211, § 4A. *Martin* v. *Townsend,* 370 Mass. 855 (1976).

We perceive nothing about this case which persuades us that it should not be subject to the general rule against full court review of interlocutory rulings, orders or decisions, or which persuades us that we should grant any relief under G. L. c. 211, § 3. The action was therefore properly dismissed.

Although our holding above is dispositive of this appeal, it does not dispose of the controversy and litigation from which the appeal arose. We therefore feel constrained to comment further in the hope that what we say may contribute to the early termination of this legal dueling and bloodletting which has already continued too long without decision. It is now more than three years since many of the "summary process" actions were entered in the District Court, about two years since they were decided by that court, twenty-one months since the appeals therefrom were entered in the Superior Court and nineteen months since that court referred the actions to the master for hearing. The court ordered the hearings before the master to "begin on or before February 21, 1975, and [to] proceed from day to day ... until completed." All that appears in the record on appeal is that the parties or their counsel went before

the master on March 10, 1975, and again on April 28, 1975, that they were told by the master that he would not hear any evidence which he had previously heard in the District Court hearing, and that he intended to write his report as master without hearing any evidence. It does not appear from the record before us that he has ever written or filed such a report.

The reasons stated by the judge of the Superior Court in referring the actions to the particular master were that the latter had presided over their trial in the District Court for thirty-five days, that "a retrial of these cases in the Superior Court involve tremendous expense to the tax-payers and to the Government," and that "[a]ny other Master would not only be dilatory, but cause an additional expense to the taxpayers." It is obvious that the hopes of the judge for the expeditious and less expensive processing of these many actions have not been achieved. Once again we feel required to state that "[i]t is . . . regrettable that the ultimate disposition of many cases referred to masters . . . is, by such reference, delayed rather than accelerated, and that the total time and attention which they require notwithstanding such reference is often no less than would be required if they were tried by the court" (*O'Brien* v. *Dwight,* 363 Mass. 256, 280 [1973]); and we repeat the suggestion we made in that case that the Superior Court give serious consideration to the expeditious trial and disposition of the pending summary process actions in question in a way which will avoid the delay which seems to be inherent in the reference of cases to masters.

In the expectation that our suggestion immediately above will be followed, we do not reach the constitutional claim by the landlords that their right under G. L. c. 231, § 97, to a trial de novo in the Superior Court has been violated by the reference of the appealed actions to a master who is the same person who heard and decided them in his capacity as a judge of the District Court. See *Labao* v. *Rudnicki,* 357 Mass. 772 (1970); *McLaughlin* v. *Municipal Court of the W. Roxbury Dist.,* 308 Mass. 397 (1941). However, our disposition of this issue in this man-

ner is not to be construed as indicating approval of the District Court judge who had originally heard the actions as the master to hear them de novo.

*Judgment affirmed.*