DOROTHY F. DONOVAN *vs.* EDWARD CODERO & another. November 9, 1976. The defendants' appeal from an order of a single justice by which he refused to disturb the stipulation of the parties (approved by him three months earlier, after hearing) as to the "sole issue" which would be argued by the defendants on their late appeal must be dismissed because the ruling complained of was interlocutory ("manifestly" so according to the defendants' present brief). *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 312-313 (1975). *Sheinkopf* v. *Eskin,* 367 Mass. 573, 574 (1975). See also *Rollins Environmental Servs. Inc.* v. *Superior Court,* 368 Mass. 174, 181 (1975); *Corbett* v. *Kargman,* 369 Mass. 971 (1976); *Martin* v. *Townsend,* 370 Mass. 855 (1976). As a guide to the parties in briefing the late appeal, we say by way of dictum (*Giacobbe* v. *First Coolidge Corp.* 367 Mass. at 314) that we see no abuse of discretion (*Sheinkopf* v. *Eskin,* 367 Mass. at 574, 577) in the ruling complained of. It does not appear from the scant record of the proceedings before the single justice (see and compare *Giacobbe* v. *First Coolidge Corp.* 367 Mass. at 311-312, 317) that any portion of the already assembled trial record was brought to his attention prior to his ruling (see the practice under Mass.R.A.P. 9[f], 365 Mass. 853 [1974]) or that he was afforded any other basis (contrast *Sheinkopf* v. *Eskin,* 367 Mass. at 576, 577) for assessing counsel's opinion as to the merit (*Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 [1975], and cases cited) of the additional issues belatedly sought to be injected into the late appeal.

*Appeal dismissed.*

*James B. Dolan, Jr.,* for the defendants.
*Usher A. Moren* for the plaintiff.