Thomas F. Cappadona *vs.* Riverside 400 Function Room, Inc.
(and a companion case[1]).

Suffolk.    January 6, 1977. — March 14, 1977.

Present: Hennessey, C.J., Quirico, Kaplan, & Wilkins, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal.    *Supreme Judicial Court,* Superintendence of inferior courts.

In the absence of exceptional circumstances requiring an exercise of its powers under G. L. c. 211, § 3, this court declined to review the denial of petitions for relief from an interlocutory order entered in the Superior Court.  [169-170]

---

[1] The companion case is by George E. Cappadona against the same defendant.

PETITIONS filed in the Supreme Judicial Court for the county of Suffolk on June 10, 1976.

The cases were heard by *Liacos*, J.

*Roy F. Kipp* for the plaintiffs.

*Daniel B. Greenberg* for the defendant.

HENNESSEY, C.J.   The plaintiffs (the Cappadonas) appeal pursuant to G. L. c. 211, § 3, from the denial by a single justice of this court of petitions for relief from a Superior Court interlocutory order which stayed proceedings in two contract actions. There was no error. We hold, once again, that a litigant cannot obtain appellate review by the full court of an interlocutory order which was not reported to us by the judge who entered it, regardless of the procedural route pursued, *Kargman* v. *Superior Court,* 371 Mass. 324, 330 (1976), and that we exercise our extraordinary power to grant discretionary relief from such an order under G. L. c. 211, § 3, only to protect substantive rights. *Rollins Environmental Servs. Inc.* v. *Superior Court,* 368 Mass. 174, 180 (1975).

The litigation underlying these appeals concerns two promissory notes executed by Leisure Sports Investment Corporation (Leisure) to Riverside Enterprises, Inc. The defendant (Riverside), Leisure's wholly owned subsidiary, guaranteed the notes, and Riverside Enterprises, Inc., assigned them to the Cappadonas. Leisure filed a petition in the United States District Court for the District of Massachusetts under c. 11 of the Bankruptcy Act in January, 1975. In April, 1976, the Cappadonas sued Riverside, as guarantor, for payment of the notes, then due.

A Superior Court judge ordered that all proceedings concerning the notes be stayed until Leisure's bankruptcy proceedings are completed. The Cappadonas brought petitions for relief from this interlocutory order to the Supreme Judicial Court for Suffolk County under G. L. c. 231, § 118. They alleged that the order violates their rights to prompt adjudication and constitutional due process of law because Riverside, as a corporate entity distinct from Leisure, is not subject to the jurisdiction currently

being exercised by the Federal Bankruptcy Court. After a single justice of the Supreme Judicial Court denied the Cappadonas' petitions, they sought further review from the full bench of this court.

The Cappadonas argue that Riverside has claimed in Federal Bankruptcy Court that it is an entity separate from Leisure while maintaining in the Superior Court that it is a part of Leisure and that this inconsistency constitutes an exceptional circumstance requiring that we exercise our powers under G. L. c. 211, § 3. The Cappadonas mistake the nature of the circumstance which invokes these extraordinary powers. Therefore, we decline to review the denial of their petitions for relief or the underlying Superior Court order.

Interlocutory orders cannot be presented for appellate review, absent special authorization, until the entire case is ripe for review. *Kargman* v. *Superior Court, supra. Rollins Environmental Servs. Inc.* v. *Superior Court, supra* at 178. *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312-313 (1975). This rule stems from the burdensome nature of piecemeal appellate review. *Giacobbe, supra.* For the same reasons, we have held that, although G. L. c. 231, § 118, authorizes appellate relief from interlocutory orders of the Superior Court, this statute does not entitle a litigant as matter of right to review of an appellate order denying relief under G. L. c. 231, § 118, from such a Superior Court order. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 468-470 (1975).

Consequently, the Cappadonas request review of the single justice's order on the basis of this court's discretionary power to grant relief "to correct and prevent errors and abuses . . . [in courts of inferior jurisdiction] if no other remedy is expressly provided . . . ," G. L. c. 211, § 3, as amended by St. 1973, c. 1114, § 44. However, this power "should be exercised only in exceptional circumstances, when necessary to protect substantive rights." *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909 (1975), cited in *Rollins, supra* at 180. Such exceptional circumstances do not exist when the appellant will have an opportunity to

prove its allegations at trial. *Ibid.* The Cappadonas will have an opportunity to prove that Riverside is in fact an independent entity responsible as guarantor for payment of its bankrupt parent's notes when Leisure's bankruptcy proceedings are finished and the Superior Court action resumes.[2] The Cappadonas have not argued or demonstrated that the offending delay in trial will permanently affect their substantive rights on the notes.

Since there is no basis for an exercise of our extraordinary G. L. c. 211, § 3, powers and no basis for a statutory right of appeal in this case, we hold that this appeal was improvidently brought. Moreover, we again note with concern the increasing volume of cases in which litigants seek and we deny full appellate review of interlocutory matters unreported by judges of the lower courts. See *Kargman* v. *Superior Court,* 371 Mass. 324, 330 (1976). Future attempts to invoke our powers under G. L. c. 211, § 3, for further appellate review of interlocutory matters in any but the most unusual circumstances may well be regarded as frivolous appeals and hence subject to Mass. R. A. P. 25, 365 Mass. 873 (1974), authorizing awards of double costs in such cases.

*Appeals dismissed.*

---

[2] The Cappadonas complain that Riverside has presented its status to the Bankruptcy Court as an *independent* corporation while presenting itself to the Superior Court as part of the corporate entity, Leisure.