Turcotte, P.J.
This is an action where the plaintiff is seeking recovery for property damage to her automobile against an insurer pursuant to G.L c. 90, § 340, and for unfair and deceptive settlement practices pursuant to G.L c. 93A, §§ 2 and 9, and c. 176D, § 83. The facts are that on December 22, 1987 the plaintiffs automobile was struck by another automobile. From that date until approximately Jan. 15,1988, the plaintiff sought recovery for the fair market value of the automobile, and the insurer offered the cost of repair arguing the car was not a total loss.
The case was tried with much of the evidence going in on a written stipulated set of facts. The judge did hear from one expert witness for the plaintiff. The plaintiff filed no requests for rulings. Judgment was entered for the plaintiff in an amount less than she sought. After judgment, the plaintiff filed a motion for a new trial, motion to amend judgment, and motion for report as case stated. These motions were denied. The plaintiff then filed a draft report. The draft report was dismissed, and we have a report before us claiming the dismissal of the draft report was an error.
In the draft report the plaintiff set out the facts of the case. The draft report was 18 pages in length and did not meet the requirements of the rule providing that it should set out a concise summary of the evidence as provided by Dist./Mun. Cts. R. Civ. P., Rule 64. Rice v. Yeghian, 1985 Mass App. Div. 226.
The plaintiff did claim in her draft report to be aggrieved by a denial of her motion for a new trial. The allowance of such a motion is discretionary with the court and the court will be reversed only when discretion has been abused. Hill v. Boastswiden, 4 Mass. App. Ct. 818 (1976); Dist./Mun. Cts. R. Civ. P., Rule 59(a); Berggren v. Mutual Life Ins. Co., 173 Mass. 231 (1918); Menici v. Orton Crane & Shovel Co., 285 Mass. 502 (1934).
No requests for rulings were filed in writing by the plaintiff before closing argument. The Appellate Division has authority to vacate, modify, or reverse a ruling where prejudicial error is found. It is limited to a review of rulings except where there is a case stated. This case is not a case stated although much of the case came *69 in on a written stipulation. The facts in dispute were testified to by the plaintiffs witness and, of course, subject to belief or disbelief by the fact finder. In such acase rulings of law are required. Gaston Electric v. American Construction Co., Inc., 336 Mass. 454 (1957).
The trial judge was not in error in dismissing the draft report, and this report before us, raising only the question of that dismissal is,, therefore, dismissed.

 Rule 64(b) of Dist./Mun. Cts. R. Civ. P.: “Request for rulings shall be in writing and be presented to the court before the beginning of any closing arguments unless special leave is given to present requests later.”