Sabra, J.
This case comes before us after a long and tortured history. It began as a civil suit against Joseph Ptaszynski (hereinafter “Ptaszynski”) by Bankboston to recover the balance on a car loan. Ptaszynski filed a counterclaim against Bank-boston as well as the car dealership and one of its salesmen. Discovery was requested of Ptaszynski but none was provided. The dealership and salesman made application for dismissal pursuant to Mass. R. Civ. R, Rule 33A, which was eventually allowed. Bankboston noticed a deposition of Ptaszynski but he sought a protective order to avoid it. The protective order was denied. Ptaszynski then filed a motion for summary judgment which was also denied. A motion for relief from judgment was filed but does not appear to have been acted upon. Ptaszynski then filed a notice of appeal. Bankboston moved to dismiss Ptaszynski’s appeal which was allowed. Ptaszynski filed a motion to stay the proceedings pending outcome of the appeal which the court also denied. The matter is now presented for our review.
For the reasons which follow, the case is not yet ripe for appellate review and is, therefore, remanded to the district court for further proceedings.
The current posture of this case is that Ptaszynski’s motion for summary judg *137 ment has been denied, the counterclaim against the dealership and its salesman has been dismissed, and discovery requests have been filed by the party plaintiff, Bankboston. Bankboston’s claim has not yet been adjudicated. There is no final judgment.
Ptaszynski’s appeal of the denial of his motion for summary judgment is a request for an interlocutory ruling which is not appropriate absent special authorization or upon the voluntary report of the trial judge. Levy v. Bendetson, 6 Mass. App. Ct. 558, 379 N.E.2d 1121 (1978); G.L.c. 231, §108. Neither has occurred in this case. Piecemeal litigation, particularly with respect to appellate review, is not appropriate. Interlocutory rulings and decisions may be presented only upon ultimate appellate review at the conclusion of the proceedings. Giacobbe v. First Coolidge Corp., 367 Mass. 309, 312, 325 N.E.2d 922, 924 (1975).
Therefore, the appeal does not lie and this case is remanded to the district court for further proceedings.
So ordered.