Creedon, J.
This appeal is brought under Dist/Mun. Cts. R A. D. A., Rule 8C(e). The plaintiffs-appellants, Francis Burnett and Kimberly Bailey (hereinafter “Burnett”) present a single issue for the courts review; namely, did the Motion Judge abuse his discretion and err as a matter of law in denying Burnett’s motion to amend the complaint? The defendant-appellee, Colleen Walsh (hereinafter “Walsh”) has denied any abuse of judicial discretion and has urged this court to dismiss the appeal on the grounds that the allowance of an amended complaint after the pre-trial conference would unduly prejudice Walsh requiring more discovery and delay of the actual trial.
After the timely filing of the briefs in this appeal, Walsh filed a motion to dismiss claiming that Burnetfs appeal was interlocutory in nature and hence must be dis *131 missed as prohibited both by M.G.L.C. 231, §108, and Rule 5, Dist/Mun. Cts. R. A. D. A Both the General Laws and the Appellate Rules only allow review by this court on a report from a trial judge or upon final disposition of the matter. M.G.L.C. 231, §108.
The record of this case reveals no such reporting to this appellate court by the trial judge pursuant to M.G.L.c. 231, §108. We, therefore, dismiss the appeal and remand the matter for trial. Although the list of legal authority is immense; BayBank v. Joseph Pyasynski v. BayBank and others, 1999 Mass. App. Div. 136; Tracey A. Christopher v. Herb Connolly Buick Company, 1994 Mass. App. Div. 187; Benjamin Barnette v. Commercial Union Insurance Company, 55 Mass. App. Dec. 3 (1974); Microsonics, Inc. v. Comrex Corporation, 39 Mass. App. Dec. 22 (1968); the Supreme Judicial Court decision in Pollack v. Kelly, (1977), 372 Mass. 469, 470, is quite instructive.
For reasons which we are unable to discern, litigants continue to besiege this court with premature requests for appellate review of interlocutor rulings or orders of trial judges. Clearly it is not because of any failure by this court to restate and apply ‘the general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public, as the rule that... [interlocutory rulings] will not be considered until the case is ripe for final judgement’ Weil v. Boston Elevated Ry., 216 Mass. 545, 549 (1914).
While there are cases where this court had jurisdiction for appellate review; e.g. Barnett, supra; Massey v. Stop & Shop Companies, Inc., 1998 Mass. App. Div. 117, said cases are either reported to the Appellate Division by the trial judge or the judge’s ruling or order constituted a final disposition of the action by the trial court Neither situation applies to the facts of the case presently before us.
In the present case, a dispute over a $1,200.00 security deposit in a landlord-tenant lease began as a small claims action on October 19,1998 in Wareham District Court, Burnett v. Walsh, 9860-SC-1686. Three months later, Burnetts prior counsel withdrew the small claims action. On May 4,1999, he filed a single count complaint in the Wareham District Court, now six months after the initial dispute. After discovery was completed, two pre-trial conferences were scheduled in Stoughton District Court in January and March of2000, then fourteen and sixteen months after the initial small claims dispute. Between pre-trial dates, Burnett hired new counsel. On April 19, 2000, the trial court denied the new counsel’s motion to amend the complaint It was then one and one half years since the initial dispute.
Not withstanding Burnett’s counsel’s claim of the trial judge’s abuse of discretion by denying his motion to amend the complaint, we can find nothing in the record that either indicates that issue was reported by the trial judge to this court pursuant to M.G.L.C. 231, §108, or that his denial of the motion to amend constituted a final disposition of the case.
Since this court has no jurisdiction at this time to entertain the issues of abuse of discretion, we dismiss this appeal and remand the case for trial.
Costs of appeal and damages are not awarded as counsel for appellant and appellee participated agreeably in this appeal and did not become aware of this court’s inability to review interlocutory orders until several months had elapsed in the appeal.
So ordered.