NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13327

MICHAEL A. RANCOURT  vs.  ATTORNEY GENERAL.


March 7, 2023.


Supreme Judicial Court, Superintendence of inferior courts.  Sex
    Offender.


     Michael A. Rancourt appeals from a judgment of the county
court denying, without a hearing, his petition for relief under
G. L. c. 211, § 3.  Rancourt was convicted in 1985 of aggravated
rape and other offenses, and this court affirmed his
convictions.  Commonwealth v. Rancourt, 399 Mass. 269, 270
(1987).  The Sex Offender Registry Board (SORB) issued a
decision in 2005 ordering him to register as a level three sex
offender.  In so doing, the SORB denied his motion for relief
from the registration requirement on the ground that his
conviction of a sexually violent offense disqualified him from
such relief.  The SORB's decision was affirmed by a judge in the
Superior Court and then the Appeals Court.  Doe, Sex Offender
Registry Bd. No. 3798 v. Sex Offender Registry Bd., 68 Mass.
App. Ct. 1114 (2007).  Rancourt later moved for
reclassification, but the motion was denied by the SORB in 2008.
In his petition, Rancourt brought constitutional challenges to
both Federal and State sex offender registration laws, claimed
that his sentence was unlawful, and sought an order relieving
him of any obligation to register as a sex offender and removing
his name and identifying information from certain databases.  We
affirm the judgment of the single justice.

     "General superintendence relief pursuant to G. L. c. 211,
§ 3, is extraordinary.  We will not disturb the single justice's
denial of relief absent a clear error of law or abuse of
discretion."  Roberts v. Hingham Div. of the Dist. Court Dep't,
486 Mass. 1001, 1002 (2020), quoting Culley v. Cato, 460 Mass.

1009, 1010 (2011). "Our jurisprudence under G. L. c. 211, § 3, consistently reinforces the principle . . . that the extraordinary remedy of general superintendence is meant for situations where a litigant has no adequate alternative remedy." Doe, Sex Offender Registry Bd. No. 21634 v. Sex Offender Registry Bd., 484 Mass. 1046, 1047 (2020), quoting McMenimen v. Passatempo, 452 Mass. 178, 185 (2008). Each of Rancourt's claims can be addressed in the ordinary process. His constitutional challenges to the sex offender registration laws could be brought in a declaratory judgment action in the Superior Court. Any challenge to his sentence or to his underlying convictions could likewise be brought in the trial court. He could seek relief from the registration requirement by filing a motion to terminate his registration obligation with the SORB and seeking judicial review from any adverse decision.[1] See 803 Code Mass. Regs. § 1.30 (2016). Should any of these remedies prove unsuccessful, Rancourt would then have an opportunity to appeal in the ordinary course. The fact that these ordinary processes would be time-consuming does not entitle Rancourt to bypass them by invoking our superintendence power under G. L. c. 211, § 3. See, e.g., Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005) (G. L. c. 211, § 3, is not "a substitute for the normal appellate process").

Moreover, relief under G. L. c. 211, § 3, is reserved for "exceptional circumstances, when necessary to protect substantive rights." Montanez v. Flahive, 484 Mass. 1009, 1010 (2020), quoting Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167, 169 (1977). Rancourt has not shown that the single justice abused his discretion in finding that no exceptional circumstances were present here. In sum, the single justice neither erred nor abused his discretion by denying relief under G. L. c. 211, § 3.

---

[1] Rancourt suggests that such a motion would be futile, where the SORB previously determined that he could not be relieved of the obligation to register due to his conviction of a sexually violent offense. Since then, however, this court has ruled that a person convicted of a sexually violent offense must be given an opportunity to demonstrate that he or she does not pose a risk of reoffense and is not a current danger to the public. Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 793 (2008). See Commonwealth v. Hammond, 477 Mass. 499, 513 (2017) (despite statutory registration requirement for person convicted of sex offense involving child, defendant may assert as-applied due process challenge before SORB).

<u>Judgment affirmed</u>.


The case was submitted on briefs.
<u>Michael A. Rancourt</u>, pro se.
<u>Nicole M. Nixon</u>, Assistant Attorney General, for the respondent.