NATHANIEL W. BARBER & others *vs.* COMMONWEALTH & another.

Suffolk.     October 6, 1967. — November 2, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Supreme Judicial Court,* Supervision of inferior courts. *Practice, Criminal,* Continuance, Assistance of counsel, Double jeopardy. *Constitutional Law,* Assistance of counsel, Double jeopardy.

After a motion by the defendants for postponement of trial of a group of indictments had been denied in the trial court, this court was not precluded from exercising its power under G. L. c. 211, §§ 3 and 4A, to stay the trial on the alleged ground that such power should not be exercised until the denial of the motion had been reviewed on appeal after trial, or on the alleged ground that the basis for the motion and the petition for the stay, that the duties of the defendants' counsels in connection with undecided appeals by the defendants from previous convictions upon another group of indictments involving common issues with those involved in the pending trial would make representation of them by their counsels at that trial inadequate, could not be determined until after that trial. [238–239]

A petition under G. L. c. 211, §§ 3 and 4A, by defendants convicted on a group of indictments, seeking a stay of trial on another group of similar indictments until after the determination of their appeals in the first group of cases, not yet heard by this court, was denied where the petition was based on the ground that the heavy burden on the petitioners' counsels of prosecuting the appeals and of engaging in the second trial at the same time would result in inadequate representation of the petitioners by their counsels, but the record before this court did not show that the petitioners would be harmed by the current succession of criminal proceedings, or that their counsels would be handicapped in rendering competent services, or that there had been an abuse of discretion on the part of the trial judge, before the commencement of the second trial, in denying a motion for a postponement thereof based on the same ground. [240–241]

Where appeals by defendants convicted on a group of indictments were pending before this court when trial of another group of indictments against the defendants allegedly involving the same crimes was commenced, the question whether "the second trial . . . put . . . [them] twice in jeopardy for the same offense" should be determined upon appeals after adverse verdicts at the second trial, and the claim of double jeopardy was not an adequate reason for this court under G. L. c. 211, §§ 3 and 4A, to stay the second trial until after determination of the pending appeals. [241]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on July 7, 1967.

The case was reserved and reported by *Spiegel*, J., without decision.

*Thomas E. Dwyer* for Household Finance Corporation; *Walter J. Hurley* for Nathaniel W. Barber; *Francis J. DiMento* for James S. Pratt; *George J. Leary* for Beneficial Finance Corp.; *William C. Madden* for Francis T. Glynn, & *Edgar L. Kelley* for John M. Farrell, submitted a brief.

*Elliot L. Richardson*, Attorney General, & *James B. Krasnoo*, Assistant Attorney General, for the Commonwealth, submitted a brief.

SPIEGEL, J. This is a petition brought under G. L. c. 211, §§ 3 and 4A,[1] asking the court to exercise its supervisory power to stay a second so called "small loans" trial, already in progress, until thirty days after the determination of pending appeals taken after the conclusion of the first "small loans" trial. The single justice reserved and reported the case without decision.

The petitioners are individual and corporate defendants charged with offering or paying, or soliciting, or receiving bribes, or conspiring to do so, under numerous indictments returned in May of 1964 by a special grand jury. Pre-trial motions on these indictments were heard for sixty-five court days ending May 9, 1966. The transcript of the pre-trial proceedings covers 4,730 pages. The decisions disposing of the various motions cover almost 700 pages. Review of these proceedings was sought by a request for an interlocutory report under G. L. c. 278, § 30A, which the trial judge denied. Forty-nine of the indictments were grouped

---

[1] Section 3 reads in part: "The supreme judicial court shall have general superintendence of all courts . . . to correct and prevent errors and abuses therein if no other remedy is expressly provided . . . . In addition to the foregoing, the justices of the supreme judicial court shall also have general superintendence of the administration of all courts of inferior jurisdiction . . . ."

Section 4A reads in part: "The supreme judicial court or a justice thereof may transfer for partial or final disposition in any appropriate lower court any cause or matter which might otherwise be disposed of by a single justice . . . . The supreme judicial court may also direct any cause or matter to be transferred from a lower court to it in whole or in part for further action or directions . . . ."

for trial which began on July 18, 1966. The trial lasted about five months and generated a voluminous record. Verdicts were returned against the petitioners, among others, on December 18, 1966. Timely appeals were taken by the petitioners after these convictions. These appeals have not yet come before this court.

In March, 1967, the judge scheduled hearings on the disposition of the remaining indictments. The petitioners then moved for a continuance of any further trial until thirty days after the disposition of their appeals. Three defendants (not the petitioners)[2] moved at the same time for a speedy trial. The petitioners moved for severance from these defendants and for a "[c]ontinuance or [p]ostponement." These motions were denied. The trial, postponed from July 5, 1967, commenced on July 17, 1967, and is still in progress.

The petitioners' principal argument for the exercise of this court's supervisory power is that they have the burden of trying complex cases while equally complex appeals following the first trial are being prosecuted. This, they maintain, effectively denies them the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. They assert that the rigors of the present trial prevent them from properly preparing their cases on appeal; or, conversely, that if their counsel concentrate on the appeals, they will be unable adequately to protect their clients in the present trial. This argument is based in part on the allegation that the major issues are common to the two groups of cases, and that the second trial should therefore await the disposition of the issues involved in the pending appeals. The petitioners further argue that severance would adequately accommodate the right of other defendants to a speedy trial, and that the public interest would best be served by postponing a costly trial which may prove unnecessary if their appeals prevail.

The Commonwealth maintains that the relief which the petitioners seek would not be appropriate under G. L. c. 211,

---

[2] One of these, Martin J. Hanley, is an intervener in this proceeding.

§§ 3 and 4A. Since they have saved their exceptions, it is argued, they may more properly seek review at the conclusion of the present trial. Until this avenue of appeal is exhausted, the Commonwealth contends, the supervisory powers of this court should not be exercised. In addition, the Commonwealth argues that the adequacy of counsel can only be raised after trial, when the safeguarding of the petitioners' Sixth Amendment rights may be better evaluated by examining the entire record.

We do not agree that the court's supervisory powers under G. L. c. 211, §§ 3 and 4A, are so limited. While these powers are by nature extraordinary, in an appropriate case this court could and should act at whatever stage in the proceedings it becomes necessary to protect substantive rights. That an appeal may lie from a final judgment does not prevent the court from taking such action as it may deem necessary. Cf. *Connecticut River R.R.* v. *County Commrs. of Franklin,* 127 Mass. 50, 59. While review of the adequacy of counsel under the Sixth Amendment has normally arisen after trial, there is no compelling reason why such review might not be had before trial in an appropriate case. The question is whether this is such a case.

It may be that the legal problems involved in both the second trial and the appeals are complex, and there may be considerable overlapping of the issues. However, it also appears that the petitioners' counsel have been working continuously on these problems for well over three years and have consistently demonstrated thoroughness and competence. This petition itself is indicative of their vigilance and capacity in guarding their clients' interests. We must consider, too, the distinction between a case being tried in a trial court and the argument of a case on appeal. In the former instance it may be necessary for counsel to conduct an investigation, and to confer frequently with his client and witnesses. In the latter instance it is doubtful if these measures can be of any assistance. The issues and the points of law raised on appeal are shown by the record and in all likelihood have been argued, at least to some extent, in the

trial court. These are factors which the judge might have considered when exercising his discretion in declining to postpone the second trial.

The petitioners argue to the effect that this litigation places heavy burdens on their counsel. Likewise, a great burden is placed on the courts of the Commonwealth, and upon the judge who has been dealing continuously with these problems. The protection of defendants' rights under the Sixth Amendment, while of paramount importance, cannot be considered without reference to the orderly transaction of judicial business. Cf. *Commonwealth* v. *Festo*, 251 Mass. 275, 277–278; *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 745. The judge had to consider the rights of other defendants and the cost to the public of a multiplicity of trials. Had the trials been severed and those of these petitioners postponed until the determination of their appeals, a further trial would in all likelihood be necessary if the appeals should fail. If the appeals were to succeed, and have the effect which the petitioners hope for, the time and money expended on the separate trial of some of the defendants would still be lost. By denying severance, the judge has at least removed the danger of expensive duplication if the appeals fail. The petitioners have not demonstrated that they will be harmed by the current succession of proceedings. The Sixth Amendment is not a guaranty against all inconvenience to or pressures on counsel. While a defendant is entitled to a fair trial, he is not guaranteed a perfect one. *Root* v. *Cunningham*, 344 F. 2d 1, 3 (4th Cir.). *Johns* v. *Smyth*, 176 F. Supp. 949, 952 (E. D. Va.).

On the record before us we are not inclined to conclude that the petitioners' counsel will be handicapped in rendering competent services to the petitioners. We note, too, that they have had no difficulty in procuring extensions of time in the preparation of their appeals.[3] Weighing the interests of the petitioners in achieving optimal conditions

---

[3] Several extensions of time for the filing of assignments of error have already been granted by this court. We note that the Commonwealth assented to the granting of these extensions.

for the functioning of their counsel against the effective functioning of the court is best left to the discretion of the judge before whom the case is to be tried. We should not interfere with the exercise of that discretion, unless it has been abused. In the instant matter no such abuse has been shown.

The petitioners further argue that "the second trial . . . put[s] . . . [them] twice in jeopardy for the same offense." Whether the indictments in each trial relate to the same crimes is by no means clear from the record. Even if the petitioners should prove to be correct, it is possible that reversal in the first case would remove the double jeopardy of which they complain. In any event, since the substance of their claim can best be evaluated only after the present trial concludes, the proper avenue for relief lies in appeals from adverse verdicts in the second trial.

The parties have cited numerous cases in an attempt to support their respective contentions. While these cases have some tangential relevance to the issues presently before us, they are far from decisive. We feel that a discussion of these cases would merely unduly prolong this opinion.

We are not persuaded that the petitioners have been deprived of their constitutional rights. We conclude that these rights can be adequately protected by the customary appeal procedure, without the exercise by this court of its extraordinary supervisory powers.

*Petition denied.*