KENNETH E. HEALY vs. FIRST DISTRICT COURT OF BRISTOL. May 21, 1975. The plaintiff appeals from an order dismissing this action which sought relief from a single justice of this court under G. L. c. 211, § 3. Our general superintendence power under § 3 should be exercised only in exceptional circumstances, when necessary to protect substantive rights. See *Barber* v. *Commonwealth,* 353 Mass. 236, 239 (1967); *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971); *Myers* v. *Commonwealth,* 363 Mass. 843, 844 (1973). We have exercised that power sparingly. *Whitmarsh* v. *Commonwealth,* 366 Mass. 212, 215 (1974). *Costarelli* v. *Municipal Court of the City of Boston, ante,* 35, 41 (1975). Here the plaintiff argues that if he is found guilty of driving under the influence of alcoholic beverages on a complaint pending in the First District Court of Bristol, his license to operate a motor vehicle will be suspended. He claims that similarly charged defendants in other District Courts may have their cases treated under a so called Alcoholism Intervention Project and thereby not have their licenses to operate suspended. He alleges the presiding judge of the defendant court refuses "to try any case under

said project or similar projects regardless of the circumstances of the individual case." The plaintiff claims that this differing treatment in the various District Courts constitutes a denial of equal protection of the laws under the State and Federal Constitutions. The single justice did not abuse his discretion in denying relief under G. L. c. 211, § 3. The plaintiff has not yet been tried and convicted; it is not clear that his license will be suspended. Moreover, the Alcoholism Intervention Project is experimental. There is no constitutional equal protection requirement that such a program be available to all defendants from its inception. *Marshall* v. *United States*, 414 U. S. 417, 427-428 (1974). *Aguayo* v. *Richardson*, 473 F. 2d 1090, 1109-1110 (2d Cir. 1973), cert den. sub nom. *Aguayo* v. *Weinberger*, 414 U. S. 1146 (1974). See St. 1974, c. 647, § 1, inserting §§ 24D and 24E in G. L. c. 90, effective July 1, 1975 (St. 1974, c. 647, § 3), establishing a Statewide alternative procedure for the disposition of cases involving persons convicted of operating motor vehicles while under the influence of intoxicating liquor.

*Judgment affirmed.*

*Leonard Louison* (*Thomas F. Heffernon & Philip G. Grefe* with him) for the plaintiff.

*Robert V. Greco*, Assistant Attorney General, for the defendant.