Rescript Opinions.

COMMONWEALTH *vs.* RONALD FRADO & another. April 11, 1977. The defendants appeal from a decision of a single justice reversing, pursuant to the Commonwealth's petition under G. L. c. 211, § 3, the order of the judge of the District Court of East Norfolk granting the defendants' motion to suppress evidence. The motion asserted, inter alia, that the affidavit supporting the application for the search warrant did not contain facts sufficient to establish the reliability of the informant, and hence failed to show probable cause. The issues before the single justice were: (1) whether G. L. c. 211, § 3, was a proper vehicle for the Commonwealth to obtain review of an adverse decision by a District Court judge on a motion to suppress evidence,[1] and, if so (2) whether the decision of the judge in allowing the motion was correct. The defendants seek by this appeal to have us set aside the interlocutory decision of the single justice and reinstate the order of the District Court judge. We believe that in the current posture of the case the appeal should be dismissed. It is, or should be, a well-known principle that interlocutory orders will not receive full appellate review until the entire case is ripe for review. *Cappadona* v. *Riverside 400 Function Room, Inc., ante,* 167 (1977). *Kargman* v. *Superior Court,* 371 Mass. 324, 330 (1976). *Rollins Environmental Servs. Inc.* v. *Superior Court,* 368 Mass. 174, 180 (1975). While it is true that appellate review of an interlocutory decision may be had, at the discretion of the court "in exceptional circumstances, when necessary to protect substantive rights," *Healy* v. *First Dist. Court of Bristol,* 367 Mass. 909 (1975), this case does not call for the exercise of that extraordinary power. See, e.g., *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525 (1974); *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971). We need not decide the correctness of the single justice's ruling that the Commonwealth may in some cases assert substantive rights under G. L. c. 211, § 3. The defendants have not only the opportunity to assert their innocence in the District Court but also they may obtain a de novo review of all issues in this case in the Superior Court. *Mann* v. *Commonwealth,* 359 Mass. 661 (1971). Subsequently the defendants will be entitled to full appellate review not only of this issue but also of other alleged claims of error which may be asserted on the basis of the Superior Court proceeding. Thus the defendants' rights are adequately protected. *Whitmarsh* v. *Commonwealth,* 366 Mass. 212 (1974).

*Appeal dismissed.*

*Paul S. Carter* for the defendants.
*Judd J. Carhart,* Assistant District Attorney, for the Commonwealth.

---

[1] General Laws c. 278, § 28E, as amended by St. 1972, c. 740, § 16, was not available to the Commonwealth as this decision, of which review was sought, was not "a decision, order or judgment of the superior court determining a motion to suppress . . . ."