# RESCRIPT OPINIONS.

IN THE MATTER OF ELAINE ROUSE. July 1, 1977. This is an appeal from an order by a single justice of this court. The pertinent facts are as follows. Elaine Rouse (Rouse) refused to answer questions before a grand jury on the basis of her privilege against self-incrimination. The Attorney General then made application to this court for an order compelling her to testify and granting her immunity from prosecution. In response, Rouse filed a motion seeking (1) disclosure of whether the questioning of her before the grand jury would be based on information gained from an electronic surveillance, and (2) access to any documents relevant to the authorization of such surveillance. She alleged disclosure was necessary to determine whether, despite a grant of immunity, she had a right to refuse to testify under 18 U.S.C. § 2515 (1970). After hearing before the single justice, it was ordered that no grant of immunity would issue unless the Commonwealth first established that the interrogation of Rouse would not be tainted by any illegal electronic surveillance. The Attorney General then withdrew the application for immunity. Subsequently, Rouse was again summoned to the grand jury and was requested to read from the text of an intercepted conversation. When she refused, the Superior Court, on motion by the Commonwealth, ordered her to furnish voice exemplars. Rouse then filed in this court a motion for rehearing seeking to reexamine in light of the new developments the issues raised by her earlier motion and disposed of by the single justice. Invoking the provisions of G. L. c. 211, §§ 3 and 4A, she simultaneously petitioned for transfer of the Superior Court matter to this court "in order that complete relief may be given." Both requests were denied by the single justice. He did not abuse his discretion. The Attorney General chose to exercise his authority to withdraw the application for immunity before it was granted. Cf. *Secretary of Administration & Fin.* v. *Attorney Gen.,* 367 Mass. 154 (1975); *Manning* v. *Municipal Court of the Roxbury Dist.,* 372 Mass. 315, 318 (1977). Once the application was withdrawn, Rouse's motion, which was filed in conjunction thereto, was no longer pending before this court. Moreover, where, as here, the substantive issues presented may be adjudicated adequately in the Superior Court, cf. *Matera* v. *Municipal Court of the City of Boston,* 368 Mass. 809 (1975), it is particularly inappropriate to exercise the extraordinary power vested in this court by G. L. c. 211, § 3. See *Gilday* v. *Commonwealth,* 360 Mass. 170 (1971). *Barber* v. *Commonwealth,* 353 Mass. 236 (1967). As a practical matter, counsel must seek relief initially in the trial court before resorting to the extraordinary remedy provided by c. 211, § 3. The order of the single justice is affirmed.

*So ordered.*

*Regina L. Quinlan* for Elaine Rouse.
*Barbara A. H. Smith,* Assistant Attorney General, for the Commonwealth.