HAZEL M. SOJA, executrix, *vs.* T. P. SAMPSON COMPANY & another.

Suffolk.    September 15, 1977. — November 9, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Appeal.    *Supreme Judicial Court,* Superintendence of inferior courts.

Where a plaintiff neither appealed an order sustaining the defendant's demurrer nor filed an amended declaration within the time granted her and where she subsequently failed to appeal from the denial of her motion for relief from the judgment under Mass. R. Civ. P. 60 (b) (6), this court refused to grant extraordinary relief pursuant to its powers under G. L. c. 211, § 3. [631-632]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on November 1, 1976.

The case was heard by *Braucher,* J.

*Bernard A. Kansky* for the plaintiff.

*Francis D. Dibble, Jr.,* for T. P. Sampson Company (*Betty E. Waxman,* Assistant Attorney General, for Superior Court, Hampden County, with him).

HENNESSEY, C.J.    This is an appeal from the order of a single justice dismissing a petition seeking extraordinary relief pursuant to this court's general superintendence powers. G. L. c. 211, § 3. There was no error.

The facts are as follows. As executrix of the estate of her husband, the plaintiff brought an action in contract in March, 1974, in the Superior Court, Hampden County. On June 11, 1974, a judge sustained the defendant's demurrer and granted the plaintiff leave to file an amended declaration within thirty days. The plaintiff neither appealed the order sustaining the demurrer nor filed an amended declaration. After thirty days, a docket entry was made purportedly entering judgment for the defend-

ant. This was in accordance with former civil practice, but not in accordance with Mass. R. Civ. P. 58 (a), 365 Mass. 826 (1974), which had taken effect in the meantime on July 1, 1974.[1] In February, 1976, the plaintiff — represented by new counsel — moved for relief from the judgment under Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974). The Superior Court judge denied the motion, yet the plaintiff failed to pursue the matter on appeal. Instead, represented by a third lawyer, the plaintiff filed the present petition in November, 1976, seeking the intervention of this court under G. L. c. 211, § 3.

The plaintiff has shown no reason for extraordinary intervention on her behalf. If she had pursued her procedural rights in the Superior Court with normal vigilance, she would have had no occasion to file this petition for extraordinary relief. See *Molesworth* v. *Municipal Court of the City of Boston*, 364 Mass. 830 (1973). Our cases have emphasized that relief under G. L. c. 211, § 3, may not be sought merely as a substitute for normal appellate review. See *Barron* v. *Barronian*, 275 Mass. 77, 79-80 (1931). Cf. *Commonwealth* v. *Frado*, 372 Mass. 866 (1977); *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167 (1977); *Barber* v. *Commonwealth*, 353 Mass. 236, 239 (1967).

The supervisory power of this court is used sparingly. *Cappadona* v. *Riverside 400 Function Room, Inc., supra. Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174 (1975). It should be exercised only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy. *Commonwealth* v. *Frado, supra. Green* v. *Dolan*, 369 Mass. 959 (1975). *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909 (1975).

This case does not present such a situation. See generally *Osserman* v. *Jacobs*, 369 Mass. 200 (1975). The plaintiff seeks an order vacating the entry of judgment,

---

[1] Rule 58 (a) requires that every judgment "be set forth on a separate document" and makes a judgment "effective only when so set forth."

but — as the single justice noted — every argument now advanced was open to the plaintiff in support of the motion for relief from the judgment. Moreover, any error stemming from denial of that motion could have been corrected by appeal. See, e.g., *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Administration & Fin.*, 369 Mass. 562 (1976). The plaintiff further seeks leave to file a new complaint more than three years after the Superior Court judge granted leave to amend within thirty days. The plaintiff here has had ample opportunities to pursue her substantive rights. See *Molesworth* v. *Municipal Court of the City of Boston*, 364 Mass. 830 (1973); *Barron* v. *Barronian*, 275 Mass. 77 (1931). That she has consistently failed to do so does not entitle her to extraordinary relief, and it was clearly within the discretion of the single justice to dismiss the petition.[2]

The plaintiff's appeal is frivolous. The order of the single justice dismissing the petition is affirmed with double costs. G. L. c. 211, § 10.

*So ordered.*

---

[2] We note with approval the procedure followed by the Attorney General in the instant case, in which the real party opposing the exercise of this court's superintendence powers is the adverse party in the underlying civil action, not the court which adjudicated that controversy. In similar cases in the future, the judicial defendant should (as was done in this case) seek both the joinder of the party whose substantive interests are actually at stake and the designation of the judicial defendant as a nominal party. This procedure will place the primary burden of defending the c. 211, § 3, action on the party whose interests are truly at stake, and will protect against unnecessary and duplicative participation by the Attorney General.