THEODORE SCHIPANI, JR. *vs.* COMMONWEALTH. December 2, 1980. On April 11, 1980, a grand jury returned indictments against Schipani on four counts as an accessory before the fact to armed robbery, kidnapping, threat with intent to extort, and assault and battery by means of a dangerous weapon. The grand jury indictments were based in part on testimony by a codefendant who had agreed to testify against Schipani in return for the Commonwealth's recommendation of leniency. Subsequent to the issuance of the indictments and prior to the scheduled trial date, Schipani made contact with a witness whose identity remains undisclosed (John Doe) and who, Schipani claims, can provide exculpatory testimony. Defense counsel represents that John Doe will refuse to testify for fear of self-incrimination. Schipani sought an order from a single justice under G. L. c. 211, § 3, to grant transactional immunity to the putative exculpatory witness. After considering the record before him, the single justice denied Schipani's application, and Schipani appeals.

Schipani contends that the decision of the single justice was based on erroneous application of legal standards. He argues further that the circumstances of his case mandate the immunization of John Doe in order to assure Schipani a fair trial.

The standard of review regarding orders entered by a single justice under G. L. c. 211, § 3, is that such orders shall not be disturbed absent abuse of discretion or clear error of law. *Cefalu* v. *Globe Newspaper Co.,* 377 Mass. 907 (1979). *Healy* v. *First Dist. Court of Bristol,* 367 Mass. 909, 910 (1975). Regarding applications for extraordinary relief under G. L. c. 211, § 3, we have stated on repeated occasions that a defendant seeking review under this provision "must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal." *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980). Accord, *Rosenberg* v. *Commonwealth,* 372 Mass. 59, 61 (1977); *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971).

Schipani has failed to pursue in the trial court the normal course of his defense, which may establish a threshold factual basis for potential harm within the intendment of G. L. c. 211, § 3. The proffered witness has not been named, nor has he appeared to give a sworn or unsworn statement that he will invoke his privilege against self-incrimination. His identity and whereabouts are unknown to the prosecutor, but known to the defendant. The record does not show that John Doe has independent legal counsel or that he assents to the defendant's request; only the defendant's counsel appears to speak for John Doe. Aside from the bare statement of Schipani's attorney that John Doe can exculpate the defendant, there is no indication of the precise scope or content of the expected testimony. See *United States* v. *Turkish,* 623 F.2d 769 (2d Cir. 1980) (defense witness immunity available only upon defendant's showing that witness would give material and exculpatory testimony); *United States* v. *Kozell,* 468 F.

Supp. 746, 749 (E.D. Pa. 1979) (unsworn representation of counsel for both witness and defendant insufficient to convince trial judge to order separate earlier trial for exculpating codefendant). There is also no showing of prosecutorial unfairness, misconduct or any attempt to gain unfair advantage; nor is there any showing of a likelihood that the defendant will be denied a fair trial. See *Government of the V.I.* v. *Smith,* 615 F.2d 964, 969 (3d Cir. 1980). Cf. *United States* v. *McMichael,* 492 F. Supp. 205, 207-208 (D. Colo. 1980) (absent prosecutorial misconduct, judicial grant of immunity exceeds jurisdiction).

The single justice correctly determined that Schipani's reliance on the decision by another Justice of this court to grant immunity in *Commonwealth* v. *Hennigan,* 79-439 Civil (Sup. Jud. Ct. for Suffolk County, October 22, 1979) is misplaced. In *Hennigan,* the defendant had named and presented his witness at trial, where the witness declined to answer certain questions. In *Hennigan,* but not the instant case, the identity of the witness, the scope of his testimony, and the validity of the claim of privilege by the witness were known to the prosecutor, to the trial judge and to the single justice.

On the record before him, the single justice did not abuse his discretion but properly rejected exercise of the extraordinary superintendency powers under G. L. c. 211, § 3. This remedy will not be invoked to preempt the process of trial and appeal. See *Matter of Rouse,* 373 Mass. 854 (1977); *Matera* v. *Municipal Court of the City of Boston,* 368 Mass. 809 (1975); *Healy* v. *First Dist. Court of Bristol, supra.* Without further factual development, the questions of the scope of immunity and of the constitutional right to a fair trial which Schipani raises are remote speculation. His attempt to articulate various constitutional arguments is unpersuasive in light of the inadequacy of the record presented. The single justice correctly declined to address them.

*Judgment affirmed.*

*J. Owen Todd (David H. Erichsen* with him) for Theodore Schipani, Jr.

*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.