ROGER D. FRANCIS *v.* DISTRICT ATTORNEY FOR THE PLYMOUTH DISTRICT & others. March 15, 1983. Roger D. Francis' 1967 conviction of murder in the first degree was affirmed by this court in *Commonwealth* v. *Francis,* 355 Mass. 108 (1969). He received a life sentence and while incarcerated he attempted suicide. He was then committed to Bridgewater State Hospital under G. L. c. 123, § 18 (*a*). Thereafter, he was transferred to Medfield State Hospital, where he has since remained under periodic commitment orders of a District Court. In November, 1980, the district attorney for the Plymouth District made application in the

---

[1] Donald Tortolani.

[2] The complaint states that the defendants are "Commonwealth of Massachusetts, Acting Through Its District Attorney For The Norfolk District and The Stoughton Division of the District Court Department of The Trial Court."

Superior Court, individually and as district attorney, for the immediate return of Francis to the custody of the Department of Correction, pursuant to the provisions of G. L. c. 123, § 9 (*b*). At the invitation of a Superior Court judge, the Commissioners of the Department of Mental Health and the Department of Correction moved to intervene as parties defendant. Francis' motion to dismiss the petition was heard and denied by a Superior Court judge on December 18, 1981. After his petition for relief under G. L. c. 231, § 118, was rejected without a hearing by a single justice of the Appeals Court, "on the ground that the questions sought to be raised by the petition should be raised (if necessary) on appeal from any final judgment," he sought relief from a single justice of this court under G. L. c. 211, § 3. That petition was denied, after hearing, on February 17, 1982, no reasons being given for denial. This is his appeal from the decision of the single justice.

The motion to dismiss the petition asserted three grounds: "1. The petition fails to state a claim upon which relief can be granted; 2. The petitioner lacks standing to maintain this petition; and 3. Venue is improper in [Plymouth] County." In his appeal, Francis has argued only that G. L. c. 123, § 9 (*b*), does not confer standing on the district attorney to seek the discharge of a patient from a State mental hospital. He claims that, absent interlocutory relief, he "would be subjected to repeated trials concerning his mental condition," and that he will suffer irreparable harm, if the present proceedings go forward, by the "public disclosure and dissemination of [his] records of psychiatric treatment and other private details concerning [his] life and circumstances."

We have repeatedly rejected attempts to obtain appellate review of interlocutory rulings not reported by the judge issuing the ruling. *Kargman* v. *Superior Court*, 371 Mass. 324, 329-330 (1976), and cases cited. "Our cases have emphasized that relief under G. L. c. 211, § 3, may not be sought merely as a substitute for normal appellate review. . . . The supervisory power of this court is used sparingly. . . . It should be exercised only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." (Citations omitted). *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). See *Borman* v. *Borman*, 378 Mass. 775, 784-785 (1979). Here, the Superior Court judge has the discretionary power to fashion appropriate protective orders, if justice should require. Mass. R. Civ. P. 26 (c), 365 Mass. 772 (1974). See generally *New Bedford Standard-Times Publishing Co.* v. *Clerk of the Third Dist. Court of Bristol*, 377 Mass. 404 (1979); *Ottaway Newspapers, Inc.* v. *Appeals Court*, 372 Mass. 539 (1977); J.W. Smith & H.B. Zobel, Rules Practice § 26.7 (1975). The single justice did not abuse his discretion in denying Francis' petition. *Cefalu* v. *Globe Newspaper Co.*, 377 Mass. 907 (1979). No special circumstances are presented here which would warrant an exercise of our supervisory powers under G. L. c. 211, § 3. *Soja* v. *T.P. Sampson Co., supra.* See *Healy* v. *First Dist.*

*Court of Bristol,* 367 Mass. 909 (1975); *Whitmarsh* v. *Commonwealth,* 366 Mass. 212 (1974), appeal dismissed, 421 U.S. 957 (1975).

*Order affirmed.*

*Thomas G. Shapiro* for the plaintiff.

*John P. Corbett,* Assistant District Attorney, for the District Attorney for the Plymouth District.

*Alexander G. Gray, Jr.,* Assistant Attorney General, for Commissioner of Mental Health & another, interveners.