EDWARD CHARLES[1] vs. TRIAL COURT & others. April 8, 1985. *Supreme Judicial Court*, Superintendence of inferior courts.

The plaintiff, Edward Charles, is the sole officer and shareholder of 30 Hilltop Street Corporation (corporation) which operates the Hilltop Manor Nursing Home (home). Charles is also the sole trustee of 30 Hilltop Street Realty Trust (trust) which owns the property and buildings leased to the corporation.

On October 24, 1983, the corporation filed a voluntary chapter 11 proceeding in the United States Bankruptcy Court. The corporation's principal asset was the home. The corporation, as debtor in possession, operated the home until

---

[1] Individually and as trustee of 30 Hilltop Street Realty Trust.

June 21, 1984, when the judge of the Bankruptcy Court appointed a trustee, who filed a motion to convert the corporation's chapter 11 bankruptcy proceeding to a liquidation proceeding under chapter 7.

The trustee filed pleadings which brought to the attention of the Bankruptcy Court judge numerous allegations by the Department of Public Health (department) of deficiencies in the health care services rendered to the patients. These deficiencies, it was alleged, threatened the health and safety of the patients. On June 26, 1984, the department ordered that there be no new patient admissions.

The Bankruptcy Court judge allowed the trustee's motion to convert on July 19, 1984. On August 7, 1984, the Commonwealth filed a motion to dismiss the chapter 7 case, requesting an emergency hearing. After notice and a hearing, the Bankruptcy Court judge allowed the motion on August 30, 1984.

On August 8, 1984, the Attorney General and the department filed in the Superior Court a complaint and petition for appointment of a receiver. The petition named the corporation, Charles, and the trust as respondents. On the same day, following an emergency, ex parte hearing, a temporary receiver was appointed and directed to operate the home. He also was ordered to "wind-down" the operation of the home and to transfer all patients to other health care facilities within a period of sixty to ninety days. Copies of the complaint and order were mailed to the attorney who represented the corporation in the Bankruptcy Court on August 20, 1984, after he agreed to accept service of process. Copies of the complaint and the order also were served on Charles in hand by a deputy sheriff on August 22, 1984.

The corporation filed an answer to the complaint and a motion to amend the ex parte order, specifically asking the court to terminate the authority of the temporary receiver to transfer patients to other facilities. Neither Charles nor the trust ever filed an appearance or requested a hearing on any issue relating to this receivership. On September 21, 1984, following notice and a hearing, a judge of the Superior Court allowed the Commonwealth's motion to terminate operation of the receivership because all patients had been transferred to other nursing homes.

Charles, individually and as trustee, commenced an action in the Supreme Judicial Court for Suffolk County on September 10, 1984, requesting relief under G. L. c. 211, § 3. The thrust of his complaint is the failure of the Superior Court judge to afford the plaintiff a hearing on the appointment of a receiver and on the order to transfer all patients to other facilities pursuant to G. L. c. 111, §§ 72N, 72O. A single justice dismissed the action and the plaintiff has appealed. There was no error.

The power of the court under G. L. c. 211, § 3, is extraordinary and it may be properly invoked "only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." *Soja* v. *T. P. Sampson Co.*, 373 Mass. 630, 631 (1977). This case does not present such a situation.

The plaintiff was served with a copy of the receivership complaint and the order in which he and the trust were named. He never filed an answer or a motion to dismiss. He never filed any motion which would have challenged the legality of the procedings. He never requested a stay. The single justice quite correctly decided that it was "inappropriate to consider this matter in the first instance under our extraordinary power." The order of the single justice dismissing the action is affirmed.

*So ordered.*

*Carol K. Dietz*, Assistant Attorney General (*Dwight Golann*, Assistant Attorney General, with her) for the defendants.

*Richard H. Gens*, for the plaintiff, submitted a brief.