HAROLD MURRAY & another[1] *vs.* MOHAMMED YASIN KARZON & an-
other; CHRISTOPHER K. O'NEILL, trustee, third-party defendant. August 5,

---

[1]The Superior Court Department of the Trial Court for the county of Suffolk, a
nominal party.

[1]Christina Murray. The plaintiffs are each acting individually and on behalf of
their four minor children.

1996. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Civil,* Appeal.

This is an appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from an order of the single justice of this court denying a petition for relief under G. L. c. 211, § 3 (1994 ed.). The plaintiffs sought relief from an order of the Housing Court authorizing an in camera review of Department of Social Services (DSS) records pertaining to them. The plaintiffs' petition to a single justice of the Appeals Court for relief under G. L. c. 231, § 118, first par. (1994 ed.), had been denied.

The plaintiffs argue that, if the trial court is permitted to review confidential DSS records concerning them, they will be irreparably harmed because the confidentiality promised by G. L. c. 119, § 51E (1994 ed.), will be breached, and that breach may be compounded by such distributions of the records as the trial court may authorize. They also contend that other individuals and families will be discouraged from cooperating with DSS, if the confidentiality of their communications is not guaranteed. When DSS initially refused to produce the records, the plaintiffs and defendant housing authority filed with the trial court an assented to order on the housing authority's motion to compel production which was substantially similar to the order ultimately entered by the trial judge. However, after reviewing the records, the plaintiffs, for the first time, objected to their disclosure.

A party could assert the type of harm that the plaintiffs now claim in any proceeding where DSS records are at issue, and therefore extraordinary relief under G. L. c. 211, § 3, is not warranted. See *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631 (1977) ("Our cases have emphasized that relief under G. L. c. 211, § 3, may not be sought merely as a substitute for normal appellate review"). The provisions of G. L. c. 119, § 51E, and DSS regulations, 110 Code Mass. Regs. § 12.00 (1993), contemplate situations in which DSS records and reports may be disclosed, including by order of a court of competent jurisdiction. See 110 Code Mass. Regs. § 12.08(1)(c). Moreover, as crafted by the judge, the order allows the plaintiffs to request an in camera review of the records and is otherwise narrowly tailored to ensure that there is no unnecessary disclosure of confidential information. For these reasons, we conclude any error resulting from denial of relief in these circumstances may be corrected through the normal appellate process. *Soja* v. *T.P. Sampson Co., supra* at 632.

The single justice committed no error of law and did not abuse his discretion in denying this petition. *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994). Accordingly, the judgment denying the plaintiffs' request for interim relief is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert L. Hernandez* for Harold Murray & another.