*Warren Holland*, pro se.

LUIS D. PEREZ *vs.* SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, CONCORD. June 30, 1997. *Supreme Judicial Court,* Appeal from order of single justice.

The plaintiff inmate filed a motion seeking an order in the Superior Court directing certain officials to permit him to collect signatures in anticipation of his becoming a candidate for political office. A judge in the Superior Court denied the motion because he had previously allowed a defense motion for summary judgment. The petitioner then requested relief in the form of a "Petition for Writ of Execution" pursuant to G. L. c. 211, § 3, and a single justice denied the request. The plaintiff now appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995).

It is not clear from the papers the petitioner has submitted that the denial of his request for an order which would have permitted him to collect signatures was an interlocutory ruling, so that rule 2:21 would apply. We assume, without deciding, that it was interlocutory. The petitioner has not demonstrated, as rule 2:21 (2) requires, that review of that denial cannot adequately be obtained on appeal or by other available means. Thus, we affirm the judgment of the single justice. We note that if we were to treat the trial court action as not being interlocutory, we would also affirm the judgment because the plaintiff would have had an alternative, effective remedy. See *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977), and cases cited.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Luis D. Perez*, pro se.