*Charlotte Schneider*, pro se.

COMMONWEALTH *vs.* ROBERT HICKEY. June 28, 1999. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence.

The Commonwealth appeals from a single justice's denial of its petition for relief pursuant to G. L. c. 211, § 3. The Commonwealth challenges the trial judge's imposition of a "forthwith" (effectively concurrent) sentence on certain assault convictions. The trial judge's sentence effectively subsumed an earlier sentence for crimes the defendant committed while out on bail pending trial on the assault charges. The Commonwealth contends that the imposition of the concurrent "forthwith" sentence violated G. L. c. 279, § 8B, which provides, "[i]f a defendant on release [on bail or personal recognizance] commits a crime, the sentence imposed for [that] crime shall run consecutively to the earlier sentence for the crime for which he was on release." The present situation is a twist on what the Legislature apparently envisioned; here, the defendant was sentenced for the crimes he committed while out on bail before he was sentenced for the charge on which he had made bail. Recognizing this, the single justice concluded that G. L. c. 279, § 8B, did not apply to the present case, and denied the Commonwealth's petition for relief.

"This court will not reverse a single justice's denial of a petition brought pursuant to G. L. c. 211, § 3, unless the single justice abused his or her discretion or made a clear error of law. *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980)." *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993). There is no question of the single justice's exercise of discretion here, and she did not make a clear error of law. By its plain terms, G. L. c. 279, § 8B, applies to "the sentence imposed for . . . a crime" a defendant commits while on bail. In the present case, the Commonwealth challenges only the sentence the defendant received for the first crime he was charged with, the one on which he originally made bail. General Laws c. 279, § 8B, as written, does not apply to this sentence; it only applies to the sentences the defendant received for the crimes he committed after he was released on bail on the first charge. The Commonwealth is not challenging those sentences.

The order of the single justice denying relief is hereby affirmed.

*So ordered.*

*William M. McCauley*, Assistant District Attorney, for the Commonwealth.