DWAYNE M. CRUTHIRD *vs.* CINDY ELLEN HILL. September 29, 2003. *Judgment, Default, Relief from judgment. Practice, Civil,* Extraordinary review. *Supreme Judicial Court,* Appeal from order of single justice.

Dwayne M. Cruthird appeals from the denial of his G. L. c. 211, § 3, petition by a single justice of this court. We affirm.

In August of 2002, Cruthird commenced a civil action in the Superior Court. In December of that year, a default entered against the defendant in that action. The following month, on the defendant's motion, the default was removed. Cruthird then filed his G. L. c. 211, § 3, petition seeking relief from the removal of the default. The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Cruthird has failed to satisfy his burden under rule 2:21 (2). First, he has failed to indicate whether he sought relief in the Appeals Court pursuant to G. L. c. 231, § 118, first par., or why such relief would not be adequate. "Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996), and cases cited. Second, he has an adequate alternative remedy insofar as he may pursue his claims after any final adverse judgment. "We have said repeatedly that relief under G. L. c. 211, § 3, is not a substitute for ordinary appellate review." *Pandey* v. *Pudlo*, 416 Mass. 1008 (1993), citing *Francis* v. *District Attorney for the Plymouth Dist.*, 388 Mass. 1009, 1010 (1983), and cases cited.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Dwayne M. Cruthird*, pro se.