NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us.

SJC-11817

EUNICE FIELD vs. COMMONWEALTH.

December 1, 2015.

<u>Supreme Judicial Court</u>, Superintendence of inferior courts. <u>Practice, Criminal</u>, Assistance of counsel, Admissions and confessions, Voluntariness of statement. <u>Mental Health</u>. <u>Witness</u>, Expert, Privilege. <u>Privileged Communication</u>. <u>Evidence</u>, Expert opinion, Medical record, State of mind, Voluntariness of statement, Communication between patient and psychotherapist.

Eunice Field appeals from a judgment of a single justice of this court denying, without a hearing, her petition for relief under G. L. c. 211, § 3. We affirm.

After a trial in the Superior Court, Field was convicted of murder in the first degree. Her appeal from that conviction is pending in this court and has been stayed pending resolution of her motion for a new trial. In that motion, Field argued that trial counsel deprived her of effective assistance by failing to consult with a psychiatric expert. In a supplemental motion, she argued that she was further deprived of effective assistance when trial counsel failed to move to suppress her statements to the police, in part on the ground that her mental state rendered her statements involuntary. On the Commonwealth's motions, the trial judge ordered that trial counsel be summonsed to testify at the hearing on Field's motion[1] and that Field provide the Commonwealth with certain discovery, including any of her mental health treatment records that were considered by her posttrial mental health expert in preparing his report. Field's G. L.

---

[1] In doing so, the judge stated that any action on assertions of the attorney-client privilege would be taken on a question-by-question basis.

c. 211, § 3, petition followed, seeking relief from these orders.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an appellant seeking relief from interlocutory rulings of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Field asserts that requiring trial counsel to testify would violate her attorney-client privilege and that production of her mental health treatment records would violate her psychotherapist-patient privilege. Field has an adequate alternative remedy; if any evidence is admitted at the hearing in violation of Field's privileges, the error can be remedied on appeal from any adverse ruling on the motion for a new trial.[2] Claims of privilege are routinely addressed in the ordinary appellate process. See Commonwealth v. Sliech-Brodeur, 457 Mass. 300, 329 (2010) (defendant's prior attorney's testimony violated attorney-client privilege); Murray v. Karzon, 423 Mass. 1007, 1008 (1996) (extraordinary relief under G. L. c. 211, § 3, not warranted despite claim that disclosure would cause irreparable breach of confidentiality of records). The single justice neither erred nor abused her discretion by denying extraordinary relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Elizabeth Caddick for the petitioner.

---

[2] If the motion for a new trial is denied, Field's appeal therefrom presumably will be consolidated with her direct appeal from her conviction.