NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12335

DERRICK SCOTT  vs.  COMMONWEALTH.


May 25, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Postconviction relief.


        This is an appeal from the judgment of a single justice of this court denying the petitioner, Derrick Scott, relief pursuant to G. L. c. 211, § 3.  We affirm.

        Following a jury trial in the Superior Court, Scott was convicted of rape, in violation of G. L. c. 265, § 22 (b); and kidnapping, in violation of G. L. c. 265, § 26.  His direct appeal from the judgments of conviction presently is pending before the Appeals Court.  While the appeal has been pending, Scott filed a motion in the Superior Court seeking access to, and copies of, the confidential juror questionnaires submitted by prospective jurors for his trial.  See G. L. c. 234A, § 22.  After his motion was denied,  Scott filed a G. L. c. 211, § 3, petition in the county court seeking relief from the judge's order.  The single justice neither erred nor abused his discretion in denying the petition.[1]

        A single justice properly exercises his or her discretionary power of review under G. L. 211, § 3, only in exceptional circumstances.  See Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990).  The power is to be used "sparingly."  Care & Protection of Sophie,

        [1] Scott has moved to strike certain portions of the Commonwealth's brief, which referred to matters not before the single justice.  In reaching our decision, we have not considered those portions of the Commonwealth's brief.

449 Mass. 100, 103 (2007).  It is not "merely a substitute for normal appellate review" (quotation omitted).  Francis v. District Attorney for the Plymouth Dist., 388 Mass. 1009, 1010 (1983).  It is therefore incumbent on a petitioner to "demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process."  Dunbrack v. Commonwealth, 398 Mass. 502, 504 (1986).  See Campiti v. Commonwealth, 417 Mass. 454, 455-456 (1994).  We have said that the court's power of superintendence rarely is exercised to review interlocutory rulings in criminal cases, because the process of trial and appeal ordinarily provides adequate review of any claims of error.  See Gilday v. Commonwealth, 360 Mass. 170, 171 (1971).  Although this appeal concerns a postconviction ruling, the same principles apply.

Scott challenges the denial of access to juror questionnaires used during the jury selection process.  The single justice properly denied the petition because Scott failed to meet his burden of establishing that his challenge could not be effectively addressed as part of his pending appeal, or by other available avenues.  See Bledsoe v. Commissioner of Correction, 470 Mass. 1017, 1018 (2014).  His argument that the juror questionnaires should be part of the record on appeal does not justify the extraordinary intervention of this court.  It is something that can adequately be addressed by the Appeals Court, where his appeal is pending, or by a single justice of the Appeals Court.  For example, he could have sought a ruling as to the correct composition of the record from a single justice of the Appeals Court pursuant to Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979).

Judgment affirmed.


Alan E. Zeltserman for the petitioner.
Dara Z. Kesselheim, Assistant District Attorney, for the Commonwealth.