SUPREME JUDICIAL COURT 
 
 JU-BANG BORN ALLAH[1] vs. COMMONWEALTH

 
 Docket:
 SJC-13629
 
 
 Dates:
 October 18, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts.
 
 

       Ju-Bang Born Allah, formerly known as
Richard Andrews (petitioner), appeals from a judgment of the county court
denying, without a hearing, his petition for relief under G. L.
c. 211, § 3.  We affirm.
      In August 2023, the petitioner filed a
motion for a new trial in the Superior Court, seeking to withdraw his pleas on
charges of rape and other offenses, to which he had pleaded guilty in
2000.  An evidentiary hearing took place
on that motion.  Shortly before that
hearing, the petitioner filed a motion to limit plea counsel's testimony on
attorney-client privilege grounds.  The
judge deferred ruling on that motion, and the hearing proceeded, with the
petitioner lodging objections to plea counsel's testimony.  After some discussion of the petitioner's
claim of privilege, the judge suspended the hearing.  She subsequently denied the motion to limit
plea counsel's testimony on the ground that the petitioner had placed his privileged
communications at issue.  The petitioner's
G. L. c. 211, § 3, petition challenged this ruling.  
      The petitioner has filed a memorandum
pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which
requires him to "set forth the reasons why review of the trial court decision
cannot adequately be obtained on appeal from any final adverse judgment in the
trial court or by other available means." 
The petitioner cannot make this showing. 
As the single justice ruled, he has an adequate remedy in the ordinary
appellate process.  If any privileged
communications are improperly disclosed, "the error can be remedied on
appeal from any adverse ruling on the motion for a new trial."  Field v. Commonwealth, 473 Mass. 1011, 1011
(2015).  Accordingly, the petitioner is
not entitled to extraordinary relief under G. L. c. 211, § 3.
Judgment
affirmed.
      The case was submitted on the papers
filed, accompanied by a memorandum of law.
      Andrew S. Crouch for the petitioner.

footnotes

[1] Formerly
known as Richard Andrews.