NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-815

COMMONWEALTH

vs.

ANGEL CAMACHO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from the order of a District Court judge in 2025 denying the defendant's motion to withdraw his 2009 guilty plea to possession of cocaine with the intent to distribute. In his motion, the defendant claimed that his plea counsel had been ineffective. We infer the motion judge concluded that (1) plea counsel's failure to file certain pretrial motions was the result of a reasonable tactical decision and (2) the defendant failed to demonstrate prejudice resulting from plea counsel's failure to advise him of the full panoply of adverse immigration consequences of his plea. Because we discern in those conclusions neither abuse of discretion nor other error, we affirm.

Background. We briefly summarize the undisputed facts and procedural history relevant to our analysis, reserving certain

details for later discussion.  At the time of his plea, the defendant was not a United States citizen.  In an affidavit in support of his motion for a new trial, he averred that he fled to the United States from his native Colombia in 2002 after he and his family were threatened by people identifying themselves as guerillas and that he lived in Massachusetts between 2002 and 2015.  In 2006, the defendant was scheduled for a removal hearing in Immigration Court.  He obtained immigration counsel and requested relief from removal.

In January 2009, while the removal proceedings were pending, the defendant was arraigned in the Superior Court on charges including trafficking in 200 or more grams of cocaine.[1]  See G. L. c. 94C, § 32E (b) (4), as amended through St. 1992, c. 396, §§ 1-3.  He was released on bail, but in May 2009, while the removal proceedings and the Superior Court drug charges were pending, he was arrested and arraigned on a complaint in the District Court -- the case at issue in this appeal -- alleging three counts:  count 1, speeding; count 2, operating under the influence of intoxicating liquor (OUI); and count 3, possession of cocaine with the intent to distribute, as a subsequent

---

[1] He was also charged in that case with two school zone violations and possession of cocaine with the intent to distribute.

2

offense. See G. L. c. 94C, § 32A, as amended through St. 1991, c. 391 (describing penalties for drug convictions).

Plea counsel represented the defendant in both the Superior Court case and the District Court case and negotiated pleas in both of them. On November 5, 2009, the defendant pleaded guilty in the Superior Court to a reduced charge of trafficking in twenty-eight grams or more, but less than one hundred grams of cocaine, see G. L. c. 94C, § 32E (b) (2), as amended through St. 1992, c. 396, §§ 1-3, and was sentenced to a term of from six to eight years in State prison.[2] A month later, the defendant pleaded guilty in this case to counts 2 (OUI) and 3 (as amended to possession of cocaine with the intent to distribute, first offense). He was sentenced by agreement to terms of nine months in the house of correction to run concurrently with each other and with the State prison sentence imposed in the Superior Court.[3]

In 2023, the defendant moved in this case to withdraw his guilty plea to count 3, arguing that his plea counsel had provided ineffective assistance. The defendant supported his motion with his own affidavit, as well as those of plea counsel

---

[2] The remaining three charges in the Superior Court case, including the possession charge, were nol prossed.

[3] He agreed to a finding of "not responsible" on the civil infraction.

and appellate counsel; he did not provide an affidavit of immigration counsel. A judge (motion judge)[4] ruled on the motion and denied it after a nonevidentiary hearing. The defendant appealed from the motion judge's ruling, and in an unpublished decision, a panel of this court vacated the order denying the motion to withdraw the plea and remanded the case to the District Court for an evidentiary hearing. See Commonwealth v. Camacho, 104 Mass. App. Ct. 1114 (2024). On remand, the motion judge held an evidentiary hearing, at which the defendant presented his own testimony and that of his plea counsel. After the hearing, the judge again denied the defendant's motion to withdraw his plea, and this appeal followed.

Discussion. 1. Standard of review. A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See Commonwealth v. Scott, 467 Mass. 336, 344 (2014). A judge may grant a motion for a new trial only "if it appears that justice may not have been done." Mass. R. Crim. P. 30 (b). See Commonwealth v. DeMarco, 387 Mass. 481, 482 (1982). Judges are obligated to "apply the standard set out in [rule 30 (b)] rigorously, and should only grant a postsentence motion to

---

[4] The motion judge is not the judge who accepted the defendant's plea, as the plea judge had retired.

4

withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth" (quotations and citations omitted). Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992). In conducting our review of the judge's denial of a motion under rule 30 (b), "[w]e accept the judge's findings of fact if supported by the evidence, because the judge who heard the witnesses testify is the 'final arbiter on matters of credibility.'" Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014), quoting Scott, supra. Having done so, we review for abuse of discretion or other "significant error of law." Commonwealth v. Cotto, 471 Mass. 97, 105 (2015).

Where the motion to withdraw a guilty plea is based on a claim of ineffective assistance of plea counsel, the defendant "bears the burden of showing that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors." Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015), quoting Commonwealth v. Clarke, 460 Mass. 30, 45 (2011). See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

2. Failure to file pretrial motions. At the time of the defendant's plea in this case, he had viable motions to suppress evidence of the cocaine found when a State police trooper

5

conducted an inventory search of his car, see Commonwealth v. Alvarado, 420 Mass. 542, 552-553 (1995), and to dismiss so much of count 3 as alleged an intent to distribute the "approximately nine grams" of cocaine the defendant was alleged to have possessed, see Commonwealth v. Acosta, 81 Mass. App. Ct. 836, 840-841 (2012).[5]  See Camacho, 104 Mass. App. Ct. 1114.  Failure to file a viable motion to suppress is ordinarily substandard practice, see, e.g., Commonwealth v. Henderson, 486 Mass. 296, 302 (2020); we assume without deciding that the same is true of failure to file a viable motion to dismiss.  However, "[a] strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made."  Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978).

After the evidentiary hearing, the judge concluded that plea counsel made a "reasonable decision" to advise the defendant to plead guilty to count 3 without pursuing motions to suppress and dismiss.  We discern neither abuse of discretion nor other error in the judge's determination.  At the evidentiary hearing on the defendant's motion, plea counsel

---

[5] We express no opinion about the likelihood of success of either of those motions, however.

6

testified that the crime for which the defendant was indicted in the Superior Court exposed the defendant to a fifteen-year minimum mandatory sentence and that the "collective strategy" he developed with the defendant focused on minimizing the length of the Superior Court sentence and then resolving the charges in this case with "concurrent time."  He further testified that he accomplished this goal, having negotiated a reduction in the Superior Court trafficking charge that limited the defendant's committed sentence to from six to eight years, and as the dockets reflect, quickly finalizing a plea in this case that ensured that the defendant's total incarcerated sentence did not increase.[6]  Where we infer that the judge credited plea counsel's testimony on these points, we are satisfied that the evidence was adequate to show that plea counsel's decisions were both "strategic," Acevedo, 446 Mass. at 442, and not "manifestly unreasonable."  Id., quoting Adams, 374 Mass. at 728.  The judge did not err in concluding that plea counsel's failure to file

_____

[6] There was no guarantee that the disposition of this case would have included concurrent sentencing.  Indeed, given that the defendant was arrested in this case while on bail on the Superior Court case and that he was sentenced in that case before this one, any sentence in this case should mandatorily have been imposed "consecutively to the earlier sentence." G. L. c. 279, § 8B.  See Commonwealth v. Hickey, 429 Mass. 1027, 1027 (1999).  Plea counsel testified that he was aware of that statute and "convinced the ADA not to impose a consecutive sentence."

7

the motions to suppress and to dismiss did not constitute ineffective assistance.

3. Failure to advise the defendant of "truly clear" adverse immigration consequences. Effective representation requires plea counsel to advise the client of the "truly clear" adverse immigration consequences of a guilty plea. Commonwealth v. Lys, 481 Mass. 1, 5 (2018), quoting Padilla v. Kentucky, 559 U.S. 356, 369 (2010). It is undisputed that in this case, the defendant's guilty plea to possession of cocaine with the intent to distribute was a plea to an aggravated felony for the purposes of immigration law, such that its effect included a foreclosure of any relief from removal, see, e.g., Moncrieffe v. Holder, 569 U.S. 184, 187-188 (2013), and a virtual guarantee that he could never return to the United States following either removal or his choice to leave. See 8 U.S.C. § 1182(a)(2); Commonwealth v. Valdez, 475 Mass. 178, 184-185 (2016). Plea counsel testified that he was aware that the defendant was not a United States citizen but that he did not further inquire into the defendant's immigration status, did not know that the defendant was subject to removal proceedings at the time of the plea, and did not himself advise the defendant of the immigration consequences of pleading guilty to an aggravated felony in this case.

The judge discredited the defendant's testimony that he did not discuss his criminal cases with the lawyer representing him in the immigration proceedings and appears to have believed plea counsel's opinion that the defendant knew about the consequences of his plea. Nevertheless, where plea counsel's uncontroverted testimony at the hearing was that he neither inquired about the defendant's exact immigration status nor advised the defendant of specific immigration consequences related to the plea, the defendant met his burden of demonstrating that counsel's performance fell below accepted standards. See Lavrinenko, 473 Mass. at 53 (defense counsel's failure to make "a reasonable inquiry of the client regarding his or her citizenship and immigration status" satisfied "deficient performance prong of the ineffective assistance analysis"); DeJesus, 468 Mass. at 182 (defense counsel's failure to provide defendant with specific advice about certainty of deportation satisfied performance prong of ineffective assistance claim).

The defendant did not, however, adequately prove prejudice stemming from counsel's failure to advise him of the consequences of pleading guilty to an aggravated felony in this case. This is because at the time of his guilty plea in this case, he had already pleaded guilty in the Superior Court to trafficking cocaine. Because trafficking cocaine is also an aggravated felony, see 8 U.S.C. § 1101(a)(43)(B), the adverse

9

consequences about which plea counsel in this case failed to advise him had already been triggered by the time of the defendant's plea to count 3 here.  Any prejudice resulting from the later plea and plea counsel's failure to warn him of the consequences of that plea is, thus, "speculative."  Commonwealth v. DeSorbo, 49 Mass. App. Ct. 910, 911 (2000).  In these circumstances, we decline to disturb the judge's order dated April 18, 2025, denying the defendant's motion to withdraw his guilty plea.

Order dated April 18, 2025, denying motion to withdraw guilty plea, affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[7]),

Clerk

Entered: June 23, 2026.

---

[7] The panelists are listed in order of seniority.